## SOUTHERN RAILWAY COMPANÝ *et al. v.* CASH.

Where, in a suit for damages by an employee of a railroad company against such company and another employee who was the engineer in charge of a locomotive, the petition alleges that the engineer suddenly, unusually, and unnecessarily slackened the speed of the train on approaching a station, thereby causing the plaintiff to be injured by being thrown, without his fault, to the ground from the top of a caboose, where he went in the performance of his duty on approaching such station, without alleging that the engineer knew, or alleging facts or circumstances charging him with notice that the plaintiff was, or was liable to be, at the time in such position, such petition was subject to demurrer by the engineer.

Argued May 20,—Decided November 18, 1908.

Action for damages. Before Judge Roan. DeKalb superior court. September 17, 1907.

*John J. Strickland* and *H. L. Parry,* for plaintiffs in error.

*Atkinson & Born,* contra.

HOLDEN, J. Cash brought suit for damages against the Southern Railway Company and J. L. Hudson, making the following allegations: Hudson was an engineer of the Company. Cash was also an employee of the company, working in the capacity of flagman. Cash and Hudson, with other employees, were engaged, upon the date of the alleged injury, in operating one of the company's freight-trains. Hudson, the engineer, who was in charge of the train, and who controlled the movements thereof, suddenly, unusually, and unnecessarily slackened the speed of the train, violently bumping and jarring the caboose and cars thereof, and violently throwing Cash from the top of the caboose to the ground, causing him serious injuries. To the petition Hudson filed a general and a special demurrer. The railway company filed an application setting up the facts that the controversy involved more than two thousand dollars, and that a diversity of citizenship existed between it and the plaintiff; contending that the petition showed on its face that the controversy was a separable one and asserted separable and distinct causes of action; and asking an order removing the cause to the Federal court, filing with the application the requisite removal bond. Exceptions were taken to the overruling of the demurrers, and to the refusal to grant an order of removal to the Federal court.

One of the main questions involved in this case is whether or

not the court committed error in overruling the demurrer filed to the petition by the defendant Hudson. The petition made the following allegation: "While the said train was running at a rapid rate of speed, it became the duty of your petitioner as said freight-train approached Chamblee, a station on defendant company's line of road and within said State and County, to go from the inside on to the top of the caboose of said train, as he was required to do by the said defendant company; and while there, your petitioner being then and there wholly free from fault, on account of the joint and concurrent acts of negligence of the defendant company and of its said engineer who controlled the movements of said train, your petitioner was thrown violently from the top of the caboose on to the ground while running at a rapid rate of speed." The petition further alleged: "That after your petitioner had taken his proper position upon the top of said caboose, your petitioner being then and there and at all times free from fault, the said engineer who was in charge of said train, and who controlled the movements thereof, suddenly, unusually, and unnecessarily slackened the speed of said train, violently bumping and jarring the caboose and cars thereof, and violently throwing your petitioner from the top of the caboose on to the ground, seriously and permanently injuring your petitioner." The only act of negligence charged against the engineer was that he suddenly, unusually, and unnecessarily slackened the speed of the train while the plaintiff was on top of the caboose, which caused him to be thrown to the ground. Though the company itself would be charged with notice of any duty which required the flagman to be on top of the caboose, there is no allegation that the engineer knew, or that the circumstances of the case were such that he should have known, that the plaintiff was or was likely to be on top of the caboose where the alleged conduct of the engineer was liable to cause him injury. The petition not only fails to allege that the engineer had notice of the fact that the plaintiff was on top of the caboose, or in any place where the unusual and unnecessary slackening of the speed of the train was liable to cause him injury, but there are no allegations of any facts or circumstances which would charge the engineer with knowledge of such position of the plaintiff. The allegations of the petition are not such as to plainly show that it was the duty of the plaintiff,

every time the train approached Chamblee, to go from the inside to the top of the caboose. The allegation is that on this occasion it became his duty to do this, as he was required to do by the company; but it is uncertain whether this allegation means ·that it was his duty to do this on this occasion, or on all occasions when the train approached this station. While pleadings are to be construed most strongly against the pleader, yet if it is proper to infer from this allegation that it was the duty of the plaintiff at all times when the train approached this station to go on the top of the caboose, there is no allegation that the engineer knew of this duty on the part of the plaintiff, or that the engineer's services with the company had been of such duration, and the performance of this duty by the plaintiff had been going on for such a length of time, that the engineer should have known that the plaintiff would likely to be on top of the caboose whenever the train was approaching this particular station. There is no allegation showing why it was made the duty of the plaintiff to go on the top of the caboose as the train was approaching this station. The only effect of this allegation, of which the plaintiff can have advantage, is that in this particular instance it was his duty to go on top of the caboose as the train approached this station. There was no allegation that it was his duty to go on top of the caboose as the train approached all stations along the road, nor was there any allegation showing that it was his duty to go upon the top of the caboose every time the train approached this particular station. If the engineer had no notice, and there were no facts or circumstances charging him with notice, that the plaintiff was or was liable to be on top of the cars of the train when the sudden, unusual, and unnecessary slackening of the speed of the train occurred which caused plaintiff damage, such conduct on the part of the engineer, if negligence, would not be negligence with reference to the plaintiff, for which the plaintiff would have a right of action against the engineer. Proof of the allegations of the petition that the plaintiff was without fault and was injured by the conduct of the engineer in suddenly, unusually, and ·unnecessarily slackening the speed of the train might make a prima facie case against the company by reason of the statute which raises a presumption of negligence when such facts are shown, but there is no law which permits a presumption to be raised against any one other than a

railroad company in a suit for damages when such facts are shown. This presumption is raised against the railroad company by reason of the express statute to that effect. The presumption which is raised against a railroad company is not raised against an individual, though such individual might be a servant or agent of the company at the time of the alleged injury and his conduct the sole cause of an injury and the basis of recovery therefor. An agent is sometimes relieved from personal liability because the liability is shifted to the principal for whom he is acting; but certainly in no instance can an agent incur a personal liability for a tortious act in excess of the liability which the same act would impose on one acting solely as an individual; nor are any presumptions which may be created by statute as against the principal applicable to an action in which it is sought to charge the agent with personal liability. The question which must be considered here is whether or not proof of the allegations made would constitute a prima facie case against the engineer if the suit were against him alone. A sudden, unusual, and unnecessary slackening of the speed of a train might be such negligence as to constitute an actionable wrong where one was injured thereby, and the engineer knew or was chargeable with knowledge that such person was in a position of danger from such conduct; but negligence causing an injury does not give a right of action to the person injured, unless there is some diligence due to such person at the time with reference to the particular conduct in question. In slackening the speed of the train there was no diligence or care in doing so due by the engineer to the plaintiff while in a position of which the engineer had no notice, or of which he was not charged with notice. It may be that the engineer thought Cash was in the caboose, and that he had no reason to believe and was not chargeable with any notice that the plaintiff was anywhere else; and it may be that the sudden, unusual, and unnecessary slackening of the speed of the train would not have caused any injury to the plaintiff if he had been in the caboose. The engineer might have exercised more care in slackening the speed of the train if he had known, or was charged with knowledge of the fact that the flagman was or was liable to be on top of the caboose.

In the case of *Holland* v. *Sparks,* 92 *Ga.* 753 (18 S. E. 990), it was said: "Negligence relatively to the safety of any particu-

lar person is the breach of some diligence due to that person. Where no duty of diligence appears relatively to the person injured, there can be no presumption of its breach, notwithstanding the broad language of section 3033 of the Code." In this connection see *Railway Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), and the authorities cited and the reasoning given in the opinion. No cause of action was set forth against Hudson, the engineer, and the court committed error in refusing to sustain his demurrer. If the petition had been so amended as to withstand the demurrer, such amendment might create a different state of pleadings on which to determine the question of the right of the railway company to remove the case to the Federal court. If no sufficient amendment had been offered and the petition dismissed as to the defendant Hudson, it follows, as a matter of course, that the railway company, upon the facts shown in its application for a removal, would have been entitled to an order removing the case to the Federal court. The demurrer having been improperly overruled, this court is not now called upon, nor can it at this time properly pass upon the question as to whether it would or would not have been proper to have removed the case if the petition had contained such allegations as would have made it withstand the demurrer of Hudson thereto.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*