## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* HAMES.

1. A road may become a public road by prescription. Evidence that the public has used the road continuously for 20 years, and that the proper county authorities during that time have recognized it as a public road by having the same worked, will be sufficient to authorize an inference that such road is a public road.

(a) In determining whether a road used by the public for the period of 20 years has been accepted by the authorities of the county, evidence that a public-road overseer had caused it to be worked, and that, after complaint of a citizen to the ordinary of the county to take charge of the road, it had been worked by the road hands, is relevant and admissible.

2. Civil Code, § 2321, which provides that a railroad company shall be liable for any damage done to persons by the running of the cars, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company, has no application to a servant of the company, who is sued with the company as a joint tort-feasor. Where the engineer is jointly sued with the railroad company, it is error to charge that upon proof that the plaintiff has sustained his allegations that he was injured by the running of the cars of the railroad company, then the law would raise a presumption against the company and the defendant engineer that they were negligent, and that the burden would be upon them to show either that they were not negligent, or that the plaintiff by the exercise of ordinary care could have avoided the consequences to himself of their negligence.

3. A traveler upon a public highway, in approaching a railroad crossing, is bound to exercise ordinary care and diligence for his own safety; yet, though he may not observe that amount of care and diligence which would be exercised under like circumstances by an ordinarily prudent person, he is not necessarily precluded from recovering for injuries to his person, received on the crossing, if, after it is apparent that the engineer of the company is disobeying the provisions of section 2222 of the Civil Code, he then exercises ordinary care and diligence in endeavoring to escape the consequences of the company's negligence.

4. Civil Code, § 2224, denounces the failure of the engineer to comply with the blow-post law to be a misdemeanor. The violation of a penal

statute proximately causing an injury is negligence per se, and the court may so instruct the jury.

5. It not being alleged that the community where the injury happened was populous, and there being no allegation of negligence as to the running of the train through a thickly populated community, testimony that the engineer had knowledge that the place where the plaintiff was injured was in a populous community is irrelevant.

6. The other charges complained of were not open to the criticisms made against them.

AUGUST 13, 1910.

Action for damages.    Before Judge Morris.    Cobb superior court.    May 31, 1909.

*Tye, Peeples & Jordan, D. W. Blair,* and *J. G. Roberts* for plaintiffs in error.    *Clay & Morris,* contra.

EVANS, P. J.    1. J. S. Hames obtained a verdict against the Louisville & Nashville Railroad Company and J. L. Latimer, its engineer, because of certain injuries sustained by the plaintiff in the running of the cars of the defendant company.    It was alleged that the plaintiff, while walking upon a public road, in the exercise of due care, was struck by a passenger-train of the company as he was about to cross the railroad track, and suffered certain injuries. The collision is alleged to have resulted from the failure of the engineer, when he reached a distance of 400 yards, to blow the whistle of the locomotive and check the speed of the train as it approached the public crossing, and because the cars were running at a high and dangerous speed of 40 miles per hour in approaching and passing over the crossing.    The scene of the collision was a place where the railroad traversed a road which connected the Bell's Ferry and the Cassville public roads; and it was contended by the plaintiff that this cross-road was a public road.    In support of such contention the court allowed him to introduce evidence tending to show that the Bell's Ferry road was a public road.    This evidence was offered as preliminary to the proof that the same road hands which repaired the Bell's Ferry road also worked the cross-road.    He was also allowed to introduce evidence that the road was open and in use at the time of the construction of the railroad, and that the railroad company built the bridge leading to the crossing; and also that a witness who resided on the road complained to the ordinary, in 1867, of the condition of the road, and that, after such complaint was made, certain hands of the county worked the road.    This evidence was admissible.    Civil Code,

§§ 2222 et seq., which requires railroad companies to erect blow-posts 400 yards from any public crossing, and for the engineer to blow the whistle and check the train as he approaches such crossing, is applicable not only to roads that have been laid out by legislative act or by order of the proper county authorities or by dedication, but also to roads which have become public roads by prescription. *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508). Twenty years use by the public is insufficient to establish the public character of a road, unless some act is shown to have been done by the proper authorities of the county, indicating its recognition as a public road. *McCoy* v. *Central Ry. Co.,* 131 *Ga.* 378 (62 S. E. 297); *Penick* v. *County of Morgan,* 131 *Ga.* 385 (62 S. E. 300). This testimony tended to show that the public authorities had recognized the road by having the same worked by the road hands.

2. The negligence charged against the defendant was a failure to observe the blow-post law, and running the cars, in approaching and passing over the crossing, at a high and dangerous rate of speed. After charging that the burden of proof was upon the plaintiff to establish by a preponderance of evidence that he was injured as described in the declaration; that the road upon which he was traveling at the time he was injured was a public road; that the defendants failed to observe the blow-post statute; that the engine and train ran over the crossing at a high and dangerous rate of speed of about forty miles per hour,—the court instructed the jury as follows: "In this connection, the law is that if the plaintiff has sustained his allegations that he was injured by the running of the cars or train of the defendant company, then the law would raise a presumption against the defendant company, and against the defendant J. L. Latimer, that they were negligent, and the burden would be upon the defendants to show, either that they were not negligent in so far as the particulars charged against them are concerned, or else that the plaintiff by the exercise of ordinary care on his part could have avoided the consequences to himself of the defendants' negligence, if that appears." Proof of the allegation that the plaintiff was without fault and was injured by the conduct of the engineer in running the train over the crossing at a high and dangerous rate of speed, even though the crossing may not have been a public-road crossing, might make a case against the railroad company, by force of Civil Code, § 2321, which raises a pre-

sumption of negligence against the railroad company upon such proof. But this section is not applicable to a servant of the company. *Southern Ry. Co.* v. *Cash*, 131 *Ga.* 537 (62 S. E. 823). It was therefore error to instruct the jury in the language of the excerpt to which exception is taken.

3. After charging the jury that the law requires of the plaintiff the exercise of ordinary care to protect himself against the consequences of any negligence that may have existed on the part of the defendant, otherwise he would not be entitled to recover, the court charged as follows, "Now, this rule means that he is not required to exercise ordinary care to protect himself against any negligence of the defendants until such negligence arises, or is impending over himself; such negligence as a reasonable man in the situation he was placed ought to have apprehended." This excerpt from the charge does not accurately state the rule of law, but, when considered in connection with its context, would not require a new trial. The court charged the jury that he was bound to exercise ordinary care in approaching the track, and if he failed to exercise this care he could not recover; and with respect to the phase of the case as to whether or not the plaintiff, after reaching and just before going on the track, exercised the proper care, the court gave the charge complained of, which, when considered in connection with its context, in effect states the principle enunciated in the case of *Comer* v. *Barfield*, 102 *Ga.* 485 (31 S. E. 89), that though a traveler upon a public highway, in approaching a railroad crossing, is bound to exercise ordinary care for his protection, yet, although he may not have observed that amount of care and diligence which would be exercised under like circumstances by an ordinarily prudent person, he is not necessarily precluded from recovering for injuries to his person, received on the crossing, if, after it is apparent that the engineer of the company is disobeying the provisions of § 2222 of the Civil Code, he then exercises ordinary care and diligence in endeavoring to escape the consequences of the company's negligence.

4. The rulings announced in headnotes 4 and 5 do not require discussion. Other than as indicated there was no error in the charges complained of.

*Judgment reversed. Beck, J., absent. The other Justices concur.*