## SOUTHERN RAILWAY COMPANY *v.* HARBIN *et al.*

In an action against a railway company and its servant, to recover damages for the homicide of the plaintiff's son solely in consequence of the servant's misfeasance, where a verdict is returned finding the servant not liable but finding in favor of the plaintiff against the railway company, such verdict should be set aside and a new trial granted.

SEPTEMBER 22, 1910.

Action for damages. Before Judge Pendleton. Fulton superior court. July 21, 1909.

W. J. Harbin brought suit against the Southern Railway Company and James Michael, to recover damages for the homicide of a son, James Harbin, who was struck and killed by a locomotive of the defendant company which was being operated on its tracks by the codefendant, James Michael, who was an engineer in the employment of the company. The suit was "brought jointly against said defendants for their concurrent acts of negligence which caused the homicide." It was alleged in the petition, that the decedent was in the employment of the defendant railway company as a switchman on a yard crew, and that in the discharge of his duties he had to throw two switches which connected what is known as a shop track with the north-bound main line, in order to allow the engine with which he was working to pass on and over said main line and eventually to get to the south-bound main line; that it was necessary for him to go along the tracks a certain distance to another switch in the discharge of his duties; that while proceeding along the track and changing the switches he could easily have been seen by the engineer and fireman, who were directing the engine which killed him, for a distance of 500 feet from the place where he was struck; that he had to work with his face towards the north, and in the exercise of due care he proceeded to walk upon the south-bound main line so as to have his face in the direction from which trains or engines might

come upon him, and while so walking, in plain view of the employees operating the engine which struck him, he was run down without any warning or any effort to stop the engine until after he was struck; that the engine was operated at a high and negligent rate of speed; that the engineer, one of the defendants, failed to blow the whistle or ring the bell of said engine or cause the same to be rung, and failed to keep proper lookout ahead, and failed to check his engine and to slow up as the engine approached the switch point, as ordinary care required; that this conduct of the defendant Michael was very negligent in view of the crowded condition of the yard at that time and the loud noises being made with escaping steam from other engines; that instead of running in the proper direction on the south-bound track, that is towards the south, Michael was running his engine north on said track; that the engine which killed decedent was being run in violation of law, in that there was, on a street which crosses the defendant company's tracks at grade, a line of electric railroad, and the defendant engineer failed to cause the engine to come to a full stop within 50 feet of the place of crossing and then to move slowly forward, in violation of section 515 of the Penal Code, as well as in violation of the rules of the defendant company, and that in running across and beyond said crossing the engineer was violating the laws of the State, and that he also violated a valid ordinance of the City of Atlanta by running at a speed exceeding the limit fixed by the ordinance. And it was alleged that "the said Michael, being in sole charge of the movement of said engine, was the entire representative of the defendant railway in the movements thereof."

There was evidence supporting the allegations of negligence upon the part of the engineer. The jury returned a verdict in favor of the plaintiff against the railway company, but in favor of the company's codefendant, James Michael. The railway company made a motion for a new trial, which was overruled, and it excepted.

. *McDaniel, Alston & Black,* for plaintiff in error.

*A. H. Davis,* contra.

BECK, J. (After stating the facts.) Under the decision of this court in the case of *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191), a railway company and its

engineer may be jointly sued for a negligent homicide, where the negligence of the company results solely from the act and conduct of the engineer. And in the case at bar counsel for defendant relies, for authority to support the finding in favor of the plaintiff against the railway company (while in the same verdict the codefendant, the engineer, whose actual negligence is alleged to have caused the homicide, is exonerated); upon decisions of this and other courts and the rule laid down in textbooks, to the effect that where several are sued as joint tort-feasors there may be a finding against one or all of the defendants joined in the action. But we do not think that this rule, in view of the acts of negligence pleaded in this case, is applicable. Under the allegations of negligence in the petition made to show liability upon the part of the defendants, the only acts of negligence were committed by the engineer who was operating the engine at the time it struck and killed the deceased, James Harbin; and under the decision in the case of *Southern Railway Co.* v. *Grizzle,* supra, the negligence alleged in the present case constituted misfeasance upon the part of the railway company's employee, its codefendant. If he were guilty of the negligence pleaded, the railway company, of course, was liable upon the principle of *respondeat superior.* The company itself was not and could not have been guilty of any negligence independently of the acts of misfeasance upon the part of its engineer. By the verdict of the jury Michael was found not guilty of negligence causing the death of plaintiff's son; and where the codefendant was not and could not have been guilty of negligence that would render it liable save on the principle of *respondeat superior,* we do not think that liability could be imputed to it where its employee was exonerated, when he alone performed the act which constitutes the basis for the charge of negligence. In the case of McGinnis *v.* Railway Co., 200 Mo. 347 (98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. R. 661), where a verdict was found exonerating the servant in an action against the master and servant for personal injuries caused by the misfeasance of the servant, the Missouri Supreme Court said: "We are firmly of the opinion that in cases where the right to recover is dependent solely upon the doctrine of *respondeat superior,* and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negli-

gent, as was true in the case in hand, there should be no judg-
ment against the master. The verdict in this case is a mon-
strosity. The jury say French was guilty of no negligence, yet,
in the same breath, say the company was guilty of negligence, al-
though nothing further was done by the company than what it did
through French, its servant." And in the case of Doremus v. Root,
23 Wash. 715 (63 Pac. 574, 54 L. R. A. 649), the court says:
"Joint tort-feasors are liable to the injured person (other than
that he may have but one satisfaction) as if the act causing the
injury was the separate act of each of them, and they have, except
in certain special cases, no right of contribution among them-
selves. But the defendants in this character of action are in no
sense joint tort-feasors, nor does their liability to the plaintiff rest
upon the same or like grounds. The act of an employee, even in
legal intendment, is not the act of his employer, unless the em-
ployer either previously directs the act to be done or subsequently
ratifies it. For injuries caused by the negligence of an employee
not directed or ratified by the employer, the employee is liable be-
cause he committed the act which caused the injury, while the
employer is liable, not as if the act was done by himself, but be-
cause of the doctrine of *respondeat superior*,—the rule of law
which holds the master responsible for the negligent act of his serv-
ant, committed while the servant is acting within the general scope
of his employment and engaged in his master's business. The
primary liability to answer for such an act, therefore, rests upon
the employee, and, when the employer is compelled to answer in
damages therefor, he can recover over against the employee.
Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134
N. Y. 461 (30 Am. St. R. 685, 31 N. E. 987) ; note to Carterville
v. Cook, 16 Am. St. R. 248; 1 Shearm. & Redf. Neg. (5th ed.)
§ 242; 2 Van Fleet on Former Adjudication, p. 1162." Again, on
page 716 of 23 Wash. Fullerton, J., in that case, further says: "So,
also, in such an action, whether brought against the employer sev-
erally or jointly with the employee, the gravamen of the charge is,
and must be, the negligence of the employee, and no recovery can
be had unless it be proved, and found by the jury, that the em-
ployee was negligent. Stated in another way: If the employee
who causes the injury is free from liability therefor, his employer
must also be free from liability. This was held in New Orleans &

N. E. R. Co. *v.* Jopes, 142 U. S. 18, 35 L. ed. 919, 12 Sup. Ct. Rep. 109." In the note to case of McGinnis *v.* Railroad, supra, 9 L. R. A. (N. S.) 881, is it said: "In Montford *v.* Hughes, 3 E. D. Smith, 591, it was held that if, in a joint action against master and servant, founded solely upon the negligence of the servant, the master not being present nor acting in the matter, the servant is acquitted, there can be no recovery against the master. In such a case a verdict against the master and in favor of the servant would be self-contradictory. Indiana Nitroglycerin & Torpedo Co. *v.* Lippincott Glass Co., 165 Ind. 361, 75 N. E. 649." See, in same connection, note to the McGinnis case in 9 Am. & Eng. Ann. Cases, 660. And in the case of Furnace Corporation *v.* Crowder's Admr., 110 Va. 387 (66 S. E. 63), the Supreme Court of Appeals of Virginia, affirming the judgment of the court below in overruling a motion in arrest of judgment and a motion for a judgment notwithstanding a verdict, said: "If the court had adhered to its original position and entered judgment upon the verdict for $3,500 which was first rendered by the jury, and the case in that situation had been brought before us upon the petition of the Ivanhoe Furnace Corporation, McGinnis *v.* Chicago, Rock Island, etc. Ry. Co., 200 Mo. 347 (98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. R. 661), and Doremus *v.* Root, 23 Wash. 710 (63 Pac. 572, 54 L. R. A. 649), relied upon by plaintiff in error, would have been pertinent and entitled to very grave consideration; but the case before us differs materially from the cases cited." Other cases in support of the conclusion which we have reached might be cited, but the question involved is elaborately discussed in the decisions which we have referred to and in the cases there cited.

*Judgment reversed. All the Justices concur, except*

HOLDEN, J., dissenting. I can not concur in the ruling made by a majority of the court, and must dissent from the judgment of reversal. In a suit for damages brought against a railroad company and its engineer for the killing of the son of the plaintiff, where the sole ground upon which liability of the defendants is claimed is the misfeasance of the engineer, the servant of the company, in operating one of its trains, it is not proper to rule that a verdict in favor of the engineer and against the company can not stand because it is contradictory. If the proof of the facts raising a

presumption that the railroad company was guilty of the acts of negligence alleged did, under the law, raise such presumption against the engineer as well as against the railroad company, or if such proof raised no presumption against either, a verdict finding against the railroad company and in favor of the engineer might be said to be contradictory, and it might be proper to set it aside for this reason. But the presumption of negligence of the railroad company, created by the law of this State upon proof by the plaintiff that the company in the operation of its train killed the son of the plaintiff without fault of the deceased, is not applicable to the servant who is charged with the acts causing the homicide in a suit against the latter and the railroad company. Under the Civil Code, § 2321, upon the trial of such a case, upon proof that without fault of the deceased he was killed by the running of the train of the company, the presumption arises that the company was negligent as alleged plaintiff. Such proof alone would raise no presumption of negligence against the engineer, the other defendant, or that he did the acts of which complaint is made. *Southern Railway Company* v. *Cash,* 131 *Ga.* 537 (62 S. E. 823). If upon the trial the plaintiff proved the homicide, and that it occurred without fault of the deceased, and no other evidence was introduced by plaintiff, or by either of the defendants, the evidence introduced would authorize a recovery against the railroad company, but there would be no evidence before the jury authorizing a recovery against the engineer. If, after plaintiff introduced such evidence making the proof of the facts above stated, other evidence was introduced by plaintiff and defendants, and this other evidence was equally balanced in its effect upon the mind of the jury upon the question as to whether or not the engineer was guilty of the acts complained of, it would be the duty of the jury to render a verdict against the railroad company because it had not rebutted the presumption of negligence against it, and to render a verdict in favor of the engineer because the plaintiff had not shown by a preponderance of the testimony that the engineer was guilty of such acts. The law gave the plaintiff the right to sue the defendants jointly; and it is not proper to set aside the verdict of the jury because it was rendered in accordance with, and in the observance of, the rules of evidence prescribed by the law, to be applied by the jury in trying the case and rendering a verdict.