No. 19,404.

HENRIETTA ROGERS, *Appellee*, v. THE CITY OF COFFEY-VILLE and THE McGUIRE-STANTON CONSTRUCTION COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

DANGEROUS EXCAVATION IN STREET—*Water Main—Neglect of Construction Company to Properly Light and Guard—Primary Duty of City to Keep Its Streets Reasonably Safe for Travel—Personal Injuries—Liability of City.* In executing a contract with a city to lay a water main a construction company made an excavation in a street, which was not properly lighted or guarded at night, in consequence of which a pedestrian was injured. *Held*, the duty of the city to keep the street reasonably safe for travel was primary and independent of that of the construction company, its liability did not depend on the doctrine of *respondeat superior*, and a verdict in favor of the construction company did not impair the effect of a verdict against the city returned by the same jury.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 10, 1915. Affirmed.

*A. M. Etchen,* and *W. E. Zeigler,* both of Coffeyville, for the appellants.

*Gilbert M. Gander,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The city of Coffeyville let a contract to a construction company to lay a water main. In executing the contract the construction company made an excavation in a street which it did not properly light or guard. While using the street at night the plaintiff fell into the excavation and was injured. An action for damages resulting from the injury was instituted against the city and the construction company. The action proceeded to trial against both defendants, and a verdict was returned against the city and in favor of the construction company. The verdict in favor of the construction company was set aside, judgment was rendered against the city, and both defendants appeal.

The petition did not allege and the plaintiff did not prove that she complied with section 1218 of the General Statutes of 1909, which reads as follows:

"No action shall be maintained by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto."

A demurrer to the petition, a demurrer to the evidence and a motion for a new trial were overruled, and it is argued on behalf of the city that the judgment must be reversed for noncompliance with the statute.

While the statute is mandatory and no action can be maintained until the necessary statement is filed, if such a statement has been filed the action may be maintained. The demurrers and the motion for a new trial were general in their terms and did not call specific attention to the defect in the pleading and in the proof now pointed out. This fact may be taken as an admission that the condition to maintaining the suit did exist. If the city had been able to defeat the action on the ground that the condition did not exist it would have given the trial court a fair opportunity to apply the law and end the proceedings. If there were any doubt as to the existence of the condition this court might remand the case for the ascertainment of the single fact, the judgment otherwise being proper. There is no doubt, however, because the city admitted at the hearing in this court that a proper statement was duly filed. While the statute contemplates that cities shall not be liable unless the condition has been complied with and that the city shall not submit to liability contrary to the statute by waiving the condition, this court will not expose civil procedure to ridicule and contempt by reversing the judgment and ordering a new trial, under the circumstances which have been stated.

The city contends that it has been acquitted of liability by the verdict of the jury finding the construction company guiltless of actionable wrong. That verdict, however, has been set aside. It has not been established that the construction company was free from fault, and the cause now stands in the same situation as if separate suits had been brought and the one against the construction company had not yet been tried. Besides this, the case is not one in which it is charged that a servant committed a tortious act for which his master is liable, on the principle of *respondeat superior*. In such cases primary liability to answer for the act rests on the servant. The master

is liable only because he must respond for the acts of his servant, and if the servant be adjudged to be free from fault there is nothing for which the master should respond. (*Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, and Note; *McGinnis v. C. R. I. & P. Ry. Co.*, 200 Mo. 347, 98 S. W. 590, 9 L. R. A., n. s., 880, and Note; *Southern Railway Co. v. Harbin*, 135 Ga. 122, 68 S. E. 1103, 30 L. R. A., n. s., 404, and Note.)

Here the ordinary rule governing actions against several tort-feasors applies. The construction company may be liable, whatever its relation to the city, if it negligently failed to safeguard an opening which it made in a public street, but the duty of the city does not consist in answering for the tort of its contractor. The city owed the plaintiff an independent, original, and primary duty to keep its streets in reasonably safe condition for use. While the laying of the water main was a necessity, and required an excavation in the street, the city could not leave the street open for travel and not take reasonable precautions to make it safe for travel. This duty the city could not delegate, and it must abide a judgment regularly obtained against it, whomever else a jury may hold responsible or may free from responsibility. The distinction between the two rules is drawn in the leading case of *Doremus v. Root*, supra, and cited by the defendant, where it was held that in an action against a railway company and its conductor for an injury caused by the alleged negligence of the conductor a verdict in favor of the conductor precluded a judgment against the company.

"The general rule undoubtedly is that where one has received an actionable injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrong doers, however numerous, are severally liable to him for the full amount of damages occasioned by such injury, and he may enforce the liability in an action against them all jointly, or any

one of them severally, or against any number of them less than the whole. While the wrong committed is the joint wrong of the several parties participating therein, it is also, in contemplation of law, the several wrong of each of the participants. Cooley, Torts (2d ed.), p. 153. On this principle, at common law a jury in actions *ex delicto* against several persons, contrary to the rule in actions *ex contractu,* were permitted to find against one or more of the defendants and in favor of the others. The rule with regard to actions *ex delicto* remains the same under the code; and the practice now permits the jury in an action for tort against several defendants to return a verdict against so many of them as the proofs show are guilty of the wrong charged and in favor of the others. As it is the peculiar province of the jury to determine the guilt or innocence of the several defendants, a verdict finding in favor of some and against others, even though there may be no very apparent reason for the distinction made, is not for that reason alone so far arbitrary or inconsistent as to require a reversal of the judgment entered thereon against those who have been found guilty." (p. 713.)

The brief of the city refers to several decisions by courts of the state of Missouri. In that state exemption of one defendant from liability by a verdict in favor of another is carefully limited to cases in which the doctrine of *respondeat superior* applies, by the opinion of the supreme court in the McGinnis case, cited above, which quotes at length (p. 359) from the opinion in the case of *Doremus v. Root,* supra.

The construction company complains because the verdict in its favor was set aside. The court, not being satisfied with the verdict, had the right, in its discretion, to set the verdict aside and order a new trial, and the action may proceed against the construction company as if it were the sole party from whom reparation is sought.

"Where two or more parties, by their concurrent wrongdoing, cause injury to a third person, they are jointly and severally liable, and the injured party may

at his option institute an action and recover against one or all of those contributing to the injury." (*Kansas City v. Slangstrom,* 53 Kan. 431, syl. ¶ 2, 36 Pac. 706.)

The judgment of the district court is affirmed.