## HALL, administrator, *vs.* SPIVEY.

| 65 | 693 |
|----|-----|
| 112 | 852 |
| 65 | 693 |
| 130 | 353 |

H, administrator, obtained leave to sell certain land as belonging to the estate. Mrs. S claimed. In her affidavit she set out that the deceased, who was her father, had made a deed to her to 1,000 acres of the land sought to be sold; that, in consequence of dissatisfaction on the part of other members of the family, she agreed to ac- accept 250 acres of another tract of land to which her sisters claimed title; that in consideration also that her mother, the widow, would relinquish all claims to an interest in the two tracts, she was to make a deed to her mother to the tract conveyed to her by her father; that she had complied with her part of the contract, but her mother had claimed dower in both places. She prayed that her mother be made a party and be compelled to deliver up the deed made to her by claimant for cancellation. The jury found a verdict for the claimant, reserving dower for the widow, and requiring her to deliver up the deed for cancellation:

*Held*, that the verdict was contrary to law, and inconsistent with itself. And further, the widow neither was nor could have been made a party so as to litigate concerning her title on the trial of the claim case between the administrator and the claimant.

Verdict. New trial. Claim. Parties. Before Judge LAWSON. Greene Superior Court. March Term, 1880.

Reported in the decision.

C. HEARD; P. B. ROBINSON, for plaintiff in error.

M. W. LEWIS & SONS, for defendant.

CRAWFORD, Justice.

The plaintiff in error as the administrator of R. B. Armor obtained leave to sell certain lands as the property of

his intestate, which were claimed by Mrs. E. J. Spivey. In her affidavit she sets forth that the intestate, who was her father, had executed to her a deed to 1,000 acres of the land sought to be sold and known as the home place, in January, 1878, and which deed having been lost he made her another in the December following. That in consequence of the dissatisfaction prevailing with other members of the family after the death of her father, she agreed to accept two hundred and fifty acres of another tract of land to which her sisters claimed title, in consideration also that her mother, the widow, would relinquish all claims and interest in the two tracts; then she was to make her mother a deed to the land conveyed to her by her father, all of which has been done by her in pursuance of the agreement.

But the mother, notwithstanding the agreement and the deed, has refused to abide by the same, and in violation thereof has claimed dower in both places. Wherefore affiant prays that her mother, Mary S. Armor, may be made a party to the suit, and that a decree be rendered against her requiring her to deliver up the deed to the aforesaid home place, which she had made to her, to be canceled, as the same cast a cloud on her title, and the cancellation of which is necessary to her protection. She further prays that the copy deed attached as an exhibit to her claim affidavit may be established in lieu of the original deed.

After the introduction of the testimony and charge of the court, the case was submitted to the jury, who returned a verdict for the claimant, reserving dower for Mrs. Mary S. Armor, and requiring her to deliver up the deed from claimant to her for cancellation.

The plaintiff in error moved to set aside the verdict, and that a new trial be granted:

1. Because the verdict is contrary to law.

2. Because the verdict is contrary to evidence.

The judge upon hearing the motion overruled it, and this judgment is assigned as error.

Under the facts presented in the record then, the question is, was the verdict rendered contrary to law? This was a claim case, involving simply the question of title to this land ; was it in the intestate or was it in the claimant? The jury found that it was in the claimant, and yet find that it was not, in that they reserved the widow's right of dower, which could not have been done except in the view that it was the land of the deceased, or that the claimant's title was charged with the right of dower, which is nowhere set up in her claim. It is therefore a verdict which the pleadings did not warrant, and which was inconsistent with itself.

Besides, if this were not so, the verdict further declares that Mrs. Mary S. Armor, who was not a party, and who could not have been made one in this suit, should deliver up a deed made by the claimant to her to be canceled. The jury, without requiring this deed of the claimant to Mary S. Armor to be delivered up and canceled, could not have put the title back into the claimant, and a verdict therefore against one who was not a party requiring that party to surrender any rights unheard, was contrary to law.

In view of the error on the first ground taken, and that the case is to be sent back for a new trial, we express no opinion on the second ground.

Judgment reversed.