FLEMING *v.* COLLINS.

No. 13237.  MAY 14, 1940.

212

*Bennet & Peacock,* for plaintiff.

*Leonard Farkas* and *Walter H. Burt,* for defendant.

DUCKWORTH, Justice. ■ . The proper procedure for attacking a verdict on the ground that there is no evidence to support it is by a motion for new trial. . *Beall.*v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473) ; *Durden* v. *Harper,* 174 *Ga.* 570 (163 S. E. 192).; *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. .E. 293) ; *Reynolds.*v. *O'Neal,* 189 *Ga.* 690 (7 S. E. 2d, 229). While counsel .for the plaintiff discusses at length various portions

of the evidence, we do not understand that the plaintiff contends that this court should reverse the judgment excepted to on the ground that the evidence is insufficient to support the verdict. The bill of exceptions recites that the record in this court contains only a part of the evidence introduced on the trial. Therefore this court can render no decision on any question requiring a consideration of the evidence. Furthermore, under the authorities above cited, even if the record contained all of the evidence, its sufficiency could not be tested by a direct bill of exceptions, but that test could be made only by a motion for new trial.

If a verdict, in addition to answering the issues involved, contains immaterial findings or findings on matters not in issue, such portions of the verdict should be disregarded as surplusage. *Columbus Power Co.* v. *City Mills Co.,* 114 *Ga.* 558 (40 S. E. 800); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (7) (112 S. E. 487). The question whether there is surplusage in the verdict, as contended, can and must be determined from the pleadings and the record before us. The plaintiff averred that the southwest brick pillar of the defendant's porté-cochère, though on defendant's side, extended up to the old fence line, and that the eaves of the porté-cochère extended west a distance of six to eight inches beyond this brick pillar. The defendant denied that any part of his building structure extended west of the old fence line. The pleadings therefore presented an issue as to whether or not the eaves extended over the old fence line, and thus encroached upon the land claimed by the plaintiff. The first portion of the verdict, about which there is no complaint by either party, adjudicated that the plaintiff had title to the land in controversy west of the old fence line, and fixed that line as the dividing line between the plaintiff and the defendant. If the eaves of the porté-cochère extend over this line, the plaintiff's prayer for general relief would authorize a judgment granting relief against such encroachment. This issue could have been determined by simply requiring the jury to find whether or not there was such an encroachment; but the same result was obtained by requiring the jury to locate the brick pillar with reference to the old fence line. Since the plaintiff alleged that the eaves extended six to eight inches beyond the brick pillar, this allegation must be construed as meaning the least encroachment, or six inches. It is apparent that, given the measurement of the defendant's eaves,

with the location of this southwest pillar with reference to the fence line, it would be a mere matter of mathematics to determine the issue as to alleged encroachment by the eaves. Therefore when the verdict fixed the distance between the brick pillar and the fence line to be six inches, it was likewise found that the eaves constituted no encroachment over the old fence line. It follows that the portion of the verdict fixing the distance between the southwest brick pillar and the fence line was germane to the issues in the case, and should not have been stricken as surplusage.

■ A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. *Anthony* v. *Anthony,* 103 *Ga.* 250 (29 S. E. 923). Strong argument is made that the portion of the verdict finding that the brick pillar was six inches from the old fence line was repugnant to the other portion of the verdict fixing the east line of plaintiff's property as the old fence line. It is insisted that the finding thus locating the brick pillar would require an alteration of the other finding to bring the fence line to a point six inches from the brick pillar. There is no basis for the belief that the verdict as returned attempted to or would in fact alter or change in the remotest degree the fixed location of both the old fence line, or east line of plaintiff's property, and the southwest brick pillar of defendant's porté-cochère. As stated above, the first portion of the verdict adjudicated that plaintiff has title to the land west of the old fence line, and fixed that line as the dividing line between plaintiff and defendant. By this finding defendant and those claiming under him are forever precluded, and the issue as made by the pleadings as to the dividing line is thus finally settled. In making the finding as to the distance of the pillar from the fence line no adjudication of title or land lines was made or could have been made, since this issue was determined by the jury's answer to the first question submitted to them. This finding was necessary for the purpose of 'and constitutes only an adjudication of the issue made by the pleadings as to whether or not the eaves of defendant's building constituted an encroachment. Both the brick pillar and the old fence line are stationary objects, and no amount of pleading or adjudication could serve the purpose of changing the physical location of these objects. This part of the verdict, whether authorized by evidence or not (this being a

question that can not be here determined), is a determination of the distance between these two objects. Whether the distance is in fact six inches as found by the jury or some other and different distance, it does not and can not change or alter the physical location of the two objects. It is apparent therefore that the portion of the verdict complained of affects the plaintiff only to the extent that it is a decision adverse to her contention that defendant's building encroaches upon her land as defined by the line fixed by the verdict; and she can not in the face of this verdict hereafter obtain another adjudication of this particular question. Since both parties agree that the pillar is on the defendant's land, it is no concern of the plaintiff whether it is located six inches from her land or at any other place on the defendant's land, since it is not an encroachment on her property. The verdict is not void for repugnancy.

While for the reasons stated it must be held that the verdict is not subject to this attack, yet the judgment entered thereon is open to the attack that the portion decreeing the distance of the southwest brick pillar of the porté-cochère from the old fence line is surplusage and is not authorized by the issues in the case. The issue authorizing this part of the verdict was that of encroachment. Based upon the verdict, the judgment should have been that there was no encroachment. Accordingly, direction is given to the court below to modify the decree to make it conform to this ruling.

The plaintiff makes the further attack upon the judgment excepted to, because it fails to enjoin the defendant as prayed in her petition. The court required the jury to answer two specific questions, as authorized by the Code, § 37-1104. Unless the jury's answer to these questions would authorize an injunction, since there is nothing in the record to indicate any complaint by the plaintiff as to the sufficiency of the questions propounded, this contention is without merit. *Dozier* v. *McWhorter,* 117 *Ga.* 786 (6) (45 S. E. 61). There is nothing in the verdict remotely intimating whether or not the plaintiff's allegations of trespass are true. In the absence of a finding on these allegations the court would not be justified in entering a decree enjoining the defendant as prayed.

*Judgment affirmed, with direction. All the Justices concur.*