25936.   THOMPSON v. INGRAM et al.

ARGUED JULY 14, 1970—DECIDED SEPTEMBER 10, 1970.

*D. D. Veal,* for appellant.

*James E. Peugh,* for appellees.

MOBLEY, Presiding Justice. Tom Thompson, Jr., brought an action for injunction and damages against Mitchell Wright, alleging that the defendant had torn down a portion of fence on

the plaintiff's described property, had cut and removed trees on the property, and had marked other trees for removal. The defendant in his answer alleged that he was acting as agent for his aunt, Mrs. Leonora W. Ingram, and that Mrs. Ingram owned the property on which the fence and trees were located.

The defendant made a motion that Mrs. Ingram be made a party defendant so that she might file defenses and counterclaim, in order that complete relief could be granted to all interested parties. Mrs. Ingram was made a party defendant, and in her answer denied that her agent had trespassed on property of the plaintiff. In her counterclaim Mrs. Ingram alleged: The plaintiff's predecessor in title, E. B. Coxwell, in 1949 bought a tract of land adjoining that of her brother, W. C. Wright, her predecessor in title. Coxwell erected a fence close to the northerly boundary of his property, which enclosed a portion of the Wright property. Despite the demands of her brother and herself, Coxwell refused to remove the fence. In 1957 Coxwell sold his property to Tom Thompson, who knew of the dispute over the boundary line at the time of his purchase. His son, the plaintiff, is now the owner of the property. She designated Mitchell Wright as her agent for the purpose of having the line surveyed, placing markers at the corners of the tract, and erecting a fence along the correct land line, all of which he did. The plaintiff has refused to recognize the true property line, has encroached on her property, and has destroyed the markers her agent placed on the boundary line. She prayed for actual and punitive damages and injunction. The plaintiff filed a motion to strike the counterclaim, which was denied.

On the trial of the case the jury returned a verdict as follows: "A. We, the jury find for the defendant the property line known as the old fence line and identified at point A on Exhibit P-1. B. We, the jury, find a permanent injunction for the defendant. C. We, the jury, find for the plaintiff actual damages in the amount of $400 and punitive damages in the amount of $1,400."

The trial judge refused to accept the verdict on the ground that it was repugnant, and instructed the jury that if they found that the land in dispute was the property of the defendant, Mrs. Ingram, they could not find in favor of the plaintiff

against the defendant Wright. After additional instructions, he sent the jury back for further deliberations. Immediately thereafter counsel for the defendants moved that the portion of the verdict finding against the defendant Wright be stricken, and the portion of the verdict finding for the defendant, Mrs. Ingram, on her cross complaint for injunction, be made the judgment of the court. Approximately five hours after the return of the verdict by the jury, the trial judge withdrew the case from them without declaring a mistrial. Subsequently he entered an order in which he held that in Divisions A and B of the verdict the jury had rendered a decision that the property in dispute belonged to Mrs. Ingram, and that Division C was illegal and mere surplusage, and should be written off and remitted. Judgment was entered accordingly.

The plaintiff appealed from this judgment, assigning numerous errors in the construction of the verdict, the failure to declare a mistrial, and the entry of the judgment in favor of the defendants. Error was also assigned on the denial of the motion to strike Mrs. Ingram's counterclaim.

■ The plaintiff (appellant here) asserts that the counterclaim of Mrs. Ingram should have been dismissed because she did not sufficiently describe the land she claimed to own, and because her counterclaim showed that she was barred and estopped by her long delay, from 1952 until 1969, in bringing her action.

The plaintiff did not move for a more definite statement in regard to the land claimed to be owned by Mrs. Ingram. *Code Ann.* § 81A-112 (e) (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231). Furthermore, it is plain that Mrs. Ingram claims the same property on which the plaintiff alleges that her agent has trespassed.

The basic dispute between the parties is the location of the boundary line between them, which Mrs. Ingram claims was formerly marked by a fence, later destroyed by a predecessor in title of the plaintiff. Her counterclaim alleges that the line has been in dispute between the coterminous owners since the alleged destruction of the old fence, and no acquiescence in the new fence is alleged. There is no merit in the contention that

her counterclaim shows that she is barred by laches from asserting title to the disputed property.

■ "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105. "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." *Code* § 110-111. "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remitter as to that part which is illegal, and give judgment for the balance." *Code* § 110-112.

The trial judge construed the verdict in the present case as being one in favor of the defendants, and remitted that part finding actual and punitive damages for the plaintiff as being illegal and surplusage. See *Patterson v. Fountain*, 188 Ga. 473 (1) (4 SE2d 38); *Edison v. Cheek*, 212 Ga. 201 (2) (91 SE2d 498).

We cannot agree that this was a proper construction of the verdict. Each party claimed title to a disputed portion of land and asserted that trespasses had been committed by the other on that property. The verdict finding that the defendant owned this disputed property, and that the plaintiff was entitled to actual and punitive damages for trespass on the property was absolutely contradictory. Compare *Mitchell v. Printup*, 27 Ga. 469; *Hall v. Spivey*, 65 Ga. 693; *Anthony v. Anthony*, 103 Ga. 250 (29 SE 923). "A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside." *Fleming v. Collins*, 190 Ga. 210, 214 (9 SE2d 157).

Where such an inconsistent and void verdict is returned by the jury, it is proper for the trial judge to refuse to receive the verdict, and to require them to return for further deliberations, under proper instructions. *Smith v. Pilcher*, 130 Ga. 350 (1) (60 SE 1000); *Lowery v. Morton*, 200 Ga. 227 (36 SE2d 661). In the present case the judge withdrew the case from the jury, after they had deliberated for about five hours, but later entered

a judgment making their verdict the judgment of the court, writing off the finding in favor of the plaintiff for actual and punitive damages.

After the dispersal of the jury the trial judge had no power to amend the verdict in a matter of substance by eliminating a substantial finding in favor of one of the parties. *Shelton v. O'Brien,* 76 Ga. 820; *Brooke v. Lowry Nat. Bank,* 141 Ga. 493 (6) (81 SE 223); *Davis v. Wright,* 194 Ga. 1, 6 (21 SE2d 88); *Ryner v. Duke,* 205 Ga. 280, 283 (53 SE2d 362); *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862).

It was error to enter a judgment in favor of the defendant on Divisions A and B of the verdict, and write off, as surplusage, the finding in favor of the plaintiff in Division C of the verdict. The judgment must be set aside.

*Judgment affirmed in part; reversed in part. All the Justices concur.*