46437.   EDGAR v. EDGAR CASKET COMPANY et al.

SUBMITTED SEPTEMBER 13, 1971—DECIDED JANUARY 28, 1972.

*Henry J. Fullbright, Jr.,* for appellant.

*Clary & Kent, Jack Kent, Jr.,* for appellees.

QUILLIAN, Judge. The note in this case provided "we promise to pay." Under the rule formerly in effect, the note was prima facie a joint and not a joint and several undertaking. *Bank of LaFayette v. Giles,* 208 Ga. 674 (5) (69 SE2d 78). This has been changed by the Commercial Code (*Code Ann.* § 109A-3—118; Ga. L. 1962, pp. 156, 245). *Ghitter v. Edge,* 118 Ga. App. 750 (2) (165 SE2d 598); *Simpson v. Wages,* 119 Ga. App. 324 (167 SE2d 213). Nevertheless, one of the parties who signed the instrument died before payment of the obligation and under *Code* § 3-305, the plaintiff, as holder of the obligation, might in her discretion "sue the survivor or survivors, or the representatives of such deceased person or persons, or survivor or survivors, in the same action with the representative or representatives of such deceased person or persons."

Since the common law did not allow the joinder of the

representative of joint obligors with the survivors, "by this act the plaintiff is expressly authorized, at his discretion, to bring suit against the survivor, or against the representative, or against both in the same action, as he may choose." *Hargroves v. Chambers,* 30 Ga. 580, 588. In this connection, see *Leonard v. Collier,* 53 Ga. 387, 390.

The determinative question raised by this appeal is whether there was consideration for the note in question.

"A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." *Code* § 20-302. In *Crawford v. Schaefer,* 181 Ga. 221, 227 (181 SE 587), the court found that a plea of failure of consideration was wholly deficient in law. There the plaintiff agreed to pay into the treasury of a bank some $43,000 to restore the impairment of its capital stock and the defendants, stockholders and directors of the bank, executed a note in consideration of this action by the plaintiff. The court held: "The defendants . . . were interested in sustaining the bank as a going concern, and the consideration thus flowed indirectly to each of them and directly from the payee." *Code* § 20-306 points out: "If there be a valid consideration for the promise, it matters not from whom it moves, the promisee may sustain his action, though a stranger to the consideration." In *Read v. Gould,* 139 Ga. 499 (4 a) (77 SE 642), the Supreme Court held: "Apparently the husband of such second grantee furnished a sufficient consideration to have a deed made to himself, but directed the deed to be made to his wife. If so, the consideration by him would support the conveyance to his wife, as if a conveyance had been made to him and by him to his wife. . ." For similar situations in which it was held that the consideration need not flow directly from the promisor, see *Bing v. Bank of Kingston,* 5 Ga. App. 578 (3) (63 SE 652); *Archer v. Kelley,* 194 Ga. 117, 125 (21 SE2d 51).

"Where A makes a promise to B, and the consideration therefor is furnished by C, the promisee, B may maintain suit thereon." *Hawkins v. Central of Ga. R. Co.,* 119 Ga. 159, 166 (40 SE 82). It is clear under the facts of this case

that consideration was furnished to the corporation and thus to the defendants as the directors thereof. The fact that the consideration came from Mr. Edgar and not Mrs. Edgar, the promisee, did not affect her right to recover.

The trial judge erred in finding in favor of the defendants.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*