## 27869. QUAKENBUSH v. QUAKENBUSH.

SUBMITTED MAY 15, 1973 — DECIDED MAY 31, 1973.

*Glyndon C. Pruitt,* for appellant.

*Joseph E. Cheeley,* for appellee.

NICHOLS, Justice. 1. During the trial, several tape recordings were offered in evidence by the plaintiff

husband. As to one such recording the defendant objected because the person who made such recording had not testified. This objection was sustained and later, when this person who operated the recording device was called as a witness, the tape recording was played without objection. Other grounds of objection were raised for the first time after verdict and do not present any issue for determination on appeal. Compare *Salem v. State,* 228 Ga. 186 (3) (184 SE2d 650), and cits.

(a) One recording played on the trial was of a conversation which took place after the divorce proceeding was instituted and was objected to on the trial on this ground. While evidence of conduct after a divorce action is filed is generally not admissible as evidence of cruel treatment in the absence of a proper amendment (See 27 CJS 408, Divorce § 122), yet, where, as in the present case, the transcript does not disclose the contents of such conversation, no reversible error appears inasmuch as the burden is on the appellant to show harm as well as error. See *Hunter v. State,* 148 Ga. 566 (2) (97 SE 523); *Taintor v. Rogers,* 197 Ga. 872, 873 (30 SE2d 892), and cits.

(b) After one recorded conversation was played in the presence of the jury, it was ordered stricken on objection and the jury instructed not to consider it. The contention was made for the first time after verdict that such instruction was insufficient to correct the harm of having such recorded conversation played before the jury. Under the decisions exemplified by *Kendrick v. Kendrick,* 218 Ga. 460 (128 SE2d 496), where no motion for mistrial was made and the trial court granted the relief sought, the exclusion of such evidence, no question for decision is presented by this enumeration of error.

2. In the absence of a timely written request, it is not error to fail to charge with respect to impeachment of witnesses. See *Ward v. State,* 223 Ga. 864 (159 SE2d 84); *Bonaparte v. State,* 223 Ga. 648 (1) (157 SE2d 272), and

cits. Accordingly, the contention that the trial court erred, on oral request after the charge to the jury was completed, in failing to instruct on the subject of impeachment, shows no reversible error.

3. The original verdict returned by the jury found a divorce for the plaintiff husband, but made no reference to alimony or property division between the parties. After being polled, it was evident that the jury was in some disagreement as to the effect of this verdict insofar as division of property was concerned. Under decisions exemplified by *Thompson v. Ingram,* 226 Ga. 668, 671 (177 SE2d 61), the trial court did not err in requiring the jury, which had not been dispersed, to return to the jury room and make the verdict speak the truth as to the division of property.

4. The verdict of the jury as finally entered required the plaintiff husband to pay 100% of a second mortgage on a home held as rental property by the parties and otherwise gave the home to the defendant wife. The judgment entered on such verdict permitted the plaintiff husband to pay such second mortgage in installments and did not require, as contended for by the defendant wife, that a proper construction of the jury's verdict required the plaintiff husband to pay the total amount due instanter.

Neither the pleadings nor evidence disclosed the exact terms of the second mortgage, nor was the present balance shown.

While under decisions exemplified by *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862) and *Thompson v. Ingram,* 226 Ga. 668, 671, supra, the trial court is without authority to modify a jury verdict so as to eliminate a substantial finding for one of the parties, yet where the verdict is explicit only as to requiring payment of a contractual debt without specifying when payment is to be made, a judgment on such verdict requiring payment in accordance with the terms of such contract is not a

modification eliminating any substantial finding for either party. This enumeration of error is without merit.

5. The evidence of conduct on the part of the wife over a period of time which adversely affected the husband's health authorized the grant of the divorce upon grounds of cruel treatment.

*Judgment affirmed. All the Justices concur.*