## 51422. ROSWELL ROAD-PERIMETER HIGHWAY LIQUOR STORE, INC. et al. v. SCHURKE.

WEBB, Judge.

In the original appearance of this case before this court (*Roswell Road-Perimeter Highway Liquor Store v. Schurke,* 137 Ga. App. 145 (222 SE2d 847)), we reversed a judgment of the trial court where the final verdict of the jury exonerated the defendant servant but found the defendant master liable, although the liability was dependent entirely upon the principle of respondeat superior. The judge entered judgment against the master only, but subsequently amended it to award damages against both the servant and the master. Both defendants appealed from the amended judgment, contending that they were entitled to judgment as a matter of law based upon the final verdict of the jury. The master also asserted that its motion for judgment n.o.v. or, in the alternative, its motion for new trial should have been granted. The servant made no motion for new trial. We held that the trial court erred in refusing to grant the defendants' motion to amend the verdict and judgment so as to enter judgment in their favor.

On November 26, 1975, the plaintiff-appellee filed a motion for rehearing, protesting that this court had "never before gone so far" as to hold that an inconsistent verdict in favor of a servant was res judicata as to the master in the same trial, and to order the trial court to enter judgment in favor of the master on the merits. In support of his position that he "unquestionably deserved the right to a new trial," he cited, for the first time, *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011); *Southern R. Co. v. Nix,* 62 Ga. App. 119 (8 SE2d 409); and Dixie Ohio Express Co. v. Poston, 170 F2d 446.

Considering ourselves bound by *Southern R. Co. v. Harbin,* 135 Ga. 122, supra, a decision of the Supreme Court of this state, we conformed our opinion in

accordance therewith by substituting a new Division 3 holding that the verdict should be set aside and a new trial granted, but denied the plaintiff's motion for rehearing. A motion for rehearing filed by the defendants on December 17 was also denied.

Certiorari was granted by the Supreme Court on December 29, which, pursuant to Rule 36 (c) of that court (effective December 1, 1975), vacated our judgment and remanded the case for "further consideration and clarification," stating as follows: "Division 3 of the opinion of the Court of Appeals which purportedly grants a new trial is not all that clear. It is clear that the judgment of the trial court is reversed, but what proceedings will follow in the trial court, and against whom, is unclear."

In the *Harbin* case suit was brought against the railroad and Michael, its engineer, to recover damages for the negligent homicide of the plaintiff's son solely as a consequence of Michael's misfeasance. The jury returned a verdict for the plaintiff against the railroad but in favor of Michael. The railroad made a motion for new trial, which was overruled, and it excepted. Michael did not move for new trial. The Supreme Court held that "Where a verdict is returned finding the servant not liable but finding in favor of the plaintiff against the railway company, *such verdict should be set aside and a new trial granted.*" 135 Ga. 122. (Emphasis supplied.)

Finding nothing in the *Harbin* case to aid us in clarifying what proceedings will follow in the trial court and against whom, we have instead reconsidered whether we are indeed bound by that decision in resolving the instant case. We conclude that we are not.

In the *Harbin* case the only relief sought was a new trial, no motion being made to amend the partially illegal verdict. "It is the general rule of pleading and practice in this State, as to all courts, that relief can not be granted for matter not alleged or prayed for . . ." *Barbee v. Barbee,* 201 Ga. 763, 767 (41 SE2d 126); see also *Adams v. Morgan,* 114 Ga. App. 180, 190 (150 SE2d 556) and cases cited in dissenting opinion. Here, on the other hand, the servant and master both contended they were entitled to judgment as a matter of law based upon Code § 110-112,

infra.

Our Code provides that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. Also, "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remitter as to that part which is illegal, and give judgment for the balance." Code § 110-112. As we view these statutory provisions, their manifest purpose is to authorize the amendment of a partially illegal verdict so as to enter a valid final judgment, thereby obviating the necessity of a new trial. Accord, *Durrett v. Farrar,* 130 Ga. App. 298 (5) (203 SE2d 265); *Thompson v. Ingram,* 226 Ga. 668, 671 (2) (177 SE2d 61).

We conclude that since the verdict exonerating the servant was a legal verdict and that part of the verdict awarding damages against the master was illegal and void under the doctrine of respondeat superior, it is unnecessary to require that a new trial be granted on the issue of liability of either defendant. Therefore the trial court erred in refusing to amend the verdict and judgment to hold in favor of both defendants.

*Judgment reversed with direction to enter a new judgment in favor of both defendants. Bell, C. J., and Marshall, J., concur.*

DECIDED APRIL 29, 1976.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellants.

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.