## 53015. ECO-REZ, INC. et al. v. CITIZENS BANK OF SWAINSBORO.

WEBB, Judge.

The maker and two endorsers of a promissory note appeal from the judgment rendered against them in a suit on the note brought by the payee bank.

1. Defendants urge that the court erred in failing to strike from the jury panel members who were savings account depositors of the plaintiff bank. Assuming, however, for the purpose of argument that these jurors were disqualified, it has not been made to appear that defendants were harmed by exhaustion of their peremptory strikes, and no cause for reversal is shown. *Robinson v. Murray,* 198 Ga. 690 (1) (32 SE2d 496) (1944); *Geiger v. State,* 129 Ga. App. 488, 494 (2a) (199 SE2d 861) (1973).

2. Several enumerations urging failure of consideration and violation of the parol evidence rule center around the fact that the proceeds of the note were not deposited in defendants' accounts but were deposited in the account of a third party at defendants' direction. These enumerations are without merit. " 'A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law — the most

elementary.'" *First Jewelers, Inc. v. Rosen,* 119 Ga. App. 355, 356 (166 SE2d 919) (1969). Accord, *Edgar v. Edgar Casket Co.,* 125 Ga. App. 389 (187 SE2d 925) (1972). The same result obtains on a defense of discharge by payment where the debtor makes payment to a third person at the request or with the consent of the creditor. *Marks v. Durrett,* 127 Ga. App. 537 (194 SE2d 351) (1972).

3. The jury returned its verdict in favor of the endorser who was a resident of the county but against the nonresident endorsers who had been sued under the Long Arm Statute, Code Ann. § 24-113.1. While it is true, as the plaintiff contends, that two or more endorsers are jointly and severally liable and an action may be maintained against less than all (Code Ann. § 109A-3—118 (e); *Simpson v. Wages,* 119 Ga. App. 324 (167 SE2d 213) (1969)) nevertheless if all are sued and the case proceeds to verdict, the verdict must not be contradictory and repugnant. "A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside." *Fleming v. Collins,* 190 Ga. 210, 214 (9 SE2d 157) (1940). Accord, *Thompson v. Ingram,* 226 Ga. 668 (2) (177 SE2d 61) (1970). "Under our practice, a verdict of a jury which is illegal and void, and cannot be enforced, is a ground for granting a new trial." *Darien & Western R. Co. v. McKay,* 132 Ga. 672 (64 SE 785) (1908). Accord, *Pickron v. Garrett,* 73 Ga. App. 61 (3) (35 SE2d 540) (1946).

Appellants contend that there is no basis in the record to support a distinction in liability as between the endorsers, all of whom are asserted to be in the same boat. Plaintiff has failed to respond by showing any distinction that would support the verdict, and the appellants' claim will be upheld. Rule 18 (c) (3) (iv), this court (Code Ann. § 24-3618 (c) (3) (iv)); *Allen Housemovers, Inc. v. Allen,* 135 Ga. App. 837, 839 (3) (219 SE2d 489) (1975); *Ga. Stainless Steel Corp. v. Bacon,* 120 Ga. App. 239 (170 SE2d 270) (1969).

Since it cannot be determined whether any part of the verdict with respect to the endorsers is valid, as to them it must be held void for inconsistency and a new trial ordered as to all endorsers. Compare *Roswell Rd. Perimeter Hwy. Liquor Store v. Schurke,* 138 Ga. App. 502

(227 SE2d 282) (1976). The verdict against the maker does not share this infirmity and may be retained (Code § 110-112), and the judgment against it is affirmed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED JANUARY 6, 1977 — REHEARING DENIED JANUARY 26, 1977.

*Spivey & Carlton, Charles B. Merrill, Jr.,* for appellants.

*Shepherd, Gary & McWhorter, William H. McWhorter, Jr., John R. Thompson,* for appellee.