## 64622. TOWNSEND v. BRANTLEY et al.

DEEN, Presiding Judge.

Appellant brought a negligence action in the DeKalb Superior Court against Rufus C. Brantley and Brantley Appliance Co., an unincorporated business owned by James Brantley, who was not named in the suit. Appellant alleges that she sustained personal injuries and property damage in a collision between her motorcycle and a truck owned by Brantley Appliance Co., which at the time of the collision was being driven home by defendant Rufus Brantley, an employee of Brantley Appliance Co., with James Brantley's permission.

Appellant was riding in a westerly direction on Pharr Road, a thoroughfare that traverses a number of hills of such height as intermittently to obscure the view of the roadway ahead. Appellee was proceeding southerly on Old Decatur Road, which intersects Pharr at the top of one of the steeper hills. Appellee testified that after stopping at a stop sign and looking in all directions, he proceeded a few feet into the intersection and was beginning a left turn into Pharr when the motorcycle struck his right front fender. He further testified that he did not see the motorcycle until a few seconds before the impact. Appellant testified that as she was proceeding up the hill approximately 150 feet from the intersection, she observed a truck stopped at the stop sign but, assuming that the driver saw her, did not continue to look at the truck as she approached the intersection. The testimony on deposition of a driver whom appellant had overtaken and passed a few moments before the collision corroborated the essence of the parties' testimony.

The court below granted the motion of co-defendant Brantley Appliance Co. for dismissal on the ground that it was not an entity liable to suit. On the trial of the defendant driver the jury found equal negligence and awarded no damages. From this judgment plaintiff appeals. *Held:*

1. Exclusion of testimony regarding defendant's appearance in traffic court was not error. This court has consistently held inadmissible evidence of any traffic court initiation or disposition of a case against the parties to a collision. *Shirey v. Woods,* 118 Ga. App. 851 (165 SE2d 891) (1968); *Boatner v. Sims,* 115 Ga. App. 284 (154 SE2d 282) (1967); *Smith v. Goodwin,* 103 Ga. App. 248 (119 SE2d 35) (1961); *Keebler v. Willard,* 91 Ga. App. 551 (86 SE2d 379) (1955). Appellant contends that the court erred in prohibiting the introduction into evidence of a guilty plea which defendant Brantley allegedly made in traffic court, which would have been admissible as an admission. *Edwards v. Bullard,* 131 Ga. App. 34 (205 SE2d 115)

(1974). Appellant argues that in excluding the alleged guilty plea the court further erred by prohibiting cross-examination regarding the plea.

The record reveals that no such document was tendered in evidence at trial; the record does disclose, however, that appellant attempted to elicit from defendant testimony as to whether he had been charged with a traffic violation. Appellant contends that this constituted an attempt to introduce the putative guilty plea. Nothing in the record substantiates this contention. On the contrary, the record indicates that counsel did not subsequently undertake to avail himself of procedures whereby he might properly have tendered the plea in evidence, thereby waiving any right to raise this as error. *Marlow v. Lanier,* 157 Ga. App. 184 (276 SE2d 867) (1981); *Upshaw v. Cooper,* 127 Ga. App. 690 (194 SE2d 618) (1972). The appellate courts' review must be based upon the record, and not upon attorneys' briefs. *Johnson v. Cleveland,* 131 Ga. App. 560 (206 SE2d 704) (1974); *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19) (1972); *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (177 SE2d 204) (1970). This enumeration is therefore without merit.

2. Since the jury found that defendant Rufus Brantley was not liable, it is unnecessary for this court to address appellant's second enumeration regarding the trial court's granting of the motion to dismiss co-defendant Brantley Appliance Co. Unless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the employer. *Roswell Rd. Perimeter Hwy. Liquor Store v. Schurke,* 138 Ga. App. 502 (227 SE2d 282) (1976); *Seaboard C. L. R. Co. v. Harris,* 124 Ga. App. 126 (182 SE2d 915) (1971). No independent acts of negligence were alleged against Brantley Appliance Co., and the issue is therefore moot.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1982.

*Samuel M. Mitchell,* for appellant.
*R. Daniel McGinnis, Glenn Frick,* for appellees.