### 74001. SWICEGOOD v. HEARDMONT NURSING HOME, INC. et al.
(359 SE2d 3)

McMurray, Presiding Judge.

Appellant Larry W. Swicegood and appellee Heardmont Nursing Home, Inc. entered into a lease agreement of a nursing home facility on June 30, 1976, for a period of five years. On June 15, 1981, appellee filed a complaint against Swicegood seeking injunctive relief against the removal or other disposal of certain records from the leased premises prior to inspection thereof, money allegedly owed for additional leased bed spaces and, by subsequent amendment, an accounting. Swicegood responded, denying the essential allegations and filed a counterclaim asking for attorney fees, the return of certain personal property and damages for conversion of that property. Swicegood also filed a third-party complaint against Charles C. Mann, d/b/a Mann's Pharmacy, who was also the President of Heardmont Nursing Home, Inc. During discovery proceedings a general audit was performed and Swicegood made a demand for trial by jury. On July 21, 1986, the trial court granted partial summary judgment against Swicegood on several issues, including the money allegedly owed for additional bed spaces and specified personal property determined to be fixtures or replacement items not recoverable under the lease. Trial by jury was denied and one count of the counterclaim was stricken. These rulings were enumerated as error on an appeal initially filed in the Supreme Court, which was transferred to this court without opinion for disposition. *Held*:

None of the grounds urged for reversal can be sustained in this court for several reasons. First, the issues raised by the pleadings were equitable in nature. See *Grant v. Grant,* 202 Ga. 40, 41 ((3) (a)) (41 SE2d 534) (1947). There is no constitutional or statutory right to a trial by jury in equity cases. OCGA § 9-7-17; *Hanson v. First State Bank,* 254 Ga. 235 (327 SE2d 730) (1985). Second, questions concerning the auditor's report, which deals with the disputed items of fixtures and other issues, remains to be considered by a jury empaneled

by the trial court on its own motion to make findings of fact. Third, the transfer of the appeal to this court by the Supreme Court is tantamount to a ruling eliminating and resolving the equitable and injunctive issues which lie only within the jurisdiction of that court to determine. Cf. *Johnston v. Atlanta Humane Society,* 173 Ga. App. 416, 418 (326 SE2d 585) (1985); *Cassells v. Bradlee Mgt. Svcs.,* 161 Ga. App. 325, 326 (1) (291 SE2d 48) (1982). See also *Johnson v. Smith,* 251 Ga. 1 (1) (302 SE2d 542) (1983). Finally, appellant asserts there was no basis for the issuance of the order for retaining the disputed tangible property in status quo pending an inspection at the Heardmont Nursing Home. We note that this order recites that "counsel for the parties agreed on a temporary order without [a] hearing." This "obviated the necessity of proof of the agreed facts or resolution thereof by a jury. [Cit.]" *Trust Co. of N. J. v. Atlanta Aluminum Co.,* 149 Ga. App. 605, 610 (3) (255 SE2d 82) (1979). "This is true for the reason that one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing. [Cits.]" *Bennett v. Bennett,* 210 Ga. 721, 722 (2) (82 SE2d 653) (1954). Accord *Osburn v. Harbison,* 175 Ga. App. 397, 400 (333 SE2d 429) (1985); *Beam v. Fleet Transport Co.,* 145 Ga. App. 726, 727 (2) (244 SE2d 582) (1978).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JUNE 3, 1987 —
REHEARING DENIED JUNE 17, 1987.

*R. Chris Phelps, Robert W. Lavender,* for appellant.
*E. Freeman Leverett,* for appellees.