## 75293. CARPENTER v. PARSONS.
(366 SE2d 367)

SOGNIER, Judge.

M. C. Carpenter instituted action against Ishmael D. Parsons, alleging fraud and breach of a contract giving Carpenter an option to purchase real estate owned by Parsons. The case was tried before a jury, and at the close of Carpenter's evidence the trial court granted Parson's motion for a directed verdict. Carpenter's motion for a new trial was denied, and he appeals.

The record reveals the parties entered into a contract in August 1984 giving appellant the option to purchase from appellee a lot, 80 feet by 200 feet, "more or less," for $1,600, which option could be exercised within one year. Appellant paid $150 as a down payment, and made one subsequent payment of $80 in October 1984. In April 1985, without appellant's knowledge, appellee sold the lot in question to third parties, giving them a warranty deed. The lot was then reconveyed to appellee by the third parties that same month, after appel-

lant learned of the sale and complained to appellee.

1. Appellee's motion for contempt is denied.

2. Appellant contends, on several grounds, that the trial court erred by granting appellee's motion for a directed verdict. A directed verdict is proper "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a).

(a) We find no merit in appellant's contention that the jury should have been allowed to decide whether the parties' agreement was an option contract or an installment purchase contract. Pretermitting the question whether this would have been a proper question for jury determination had the evidence been in conflict, we find that no question remained for jury consideration on this issue. Although the document evidencing the parties' agreement was never tendered or admitted into evidence, both parties admitted in the proceedings below that an option contract was intended, and appellant referred to it as such in his sworn testimony. There was thus no conflict in the evidence as to this issue.

(b) Appellant asserts the trial court erred by granting appellee's motion for a directed verdict because the question whether appellee breached the contract, either by his lack of ownership of the lot during twenty days in April 1985, or by his inability to convey to appellant an entire 80 feet by 200 feet lot, required resolution by the jury. We do not agree, since resolution of these issues is not necessary. "A party may contract to convey property not then owned by him." *Williams v. Bell*, 126 Ga. App. 432, 434 (1) (190 SE2d 818) (1972). It is only if he is not able to convey the property on the consummation date that he will be liable in damages for breach. Id. Similarly, any discrepancy in the dimensions of the lot would have been material only if appellant had been ready, willing, and able to go forward with the contract. In an option contract, it is necessary, in order to establish a breach on the part of the seller, that the purchaser tender the purchase price and request conveyance of the land to him, and that the seller fail to comply. *Moore v. Hughey*, 133 Ga. App. 901, 902 (212 SE2d 503) (1975). In the case sub judice, it is undisputed that appellant never tendered the full purchase price, nor did he request or demand that appellee convey the lot to him at any time during the period covered by the option contract. Thus appellant did not establish default on the part of appellee, and the trial court did not err by granting a directed verdict in favor of appellee on the issue of breach of contract.

(c) Appellant next asserts the trial court erred by granting a directed verdict to appellee on the issue of fraud, because the evidence was in conflict as to whether appellee knowingly misrepresented the

dimensions of the lot. However, "[o]ne cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. [Cits.] Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. [Cits.]" *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146-147 (279 SE2d 336) (1981). It is uncontroverted in the case sub judice that the transaction was at arm's length, and that appellant was free to go onto the land and measure it himself. In fact, appellant did so, but only after the contract had been executed. No reason appears why appellant could not have done so before agreeing to the contract. Thus, appellant's claim of fraud is not valid, and the trial court did not err by granting appellee's motion for a directed verdict on this issue.

3. Appellant maintains the trial court erred by excluding certain transcripts of telephone conversations, transcribed by appellant, although the court permitted appellee to refer to the transcripts in cross-examining appellant concerning the conversations. We find no merit in this enumeration. The typed transcripts were excluded because a proper foundation had not been laid by appellant for their admission. In addition to the foundation necessary for the admission of recordings of telephone conversations, see *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207, 211-212 (3) (88 SE2d 167) (1955), since appellant was not introducing the recordings themselves it was necessary that appellant establish a foundation for the introduction of secondary evidence. OCGA § 24-5-2. This appellant failed to do. Further, appellant did not object to appellee's questions referring to the transcript, and " '[g]rounds which may be considered on appeal are limited to those which were urged before the trial court.' [Cit.]" *Long v. Marion*, 182 Ga. App. 361, 362-363 (1) (355 SE2d 711) (1987).

4. Appellant claims the trial court erred by denying his motion for a new trial. The motion was made on the grounds of newly discovered evidence, but appellant's pleadings fail to disclose any such evidence. As the record contains no transcript of the hearing held on appellant's motion for a new trial, appellant has failed to carry his burden of showing error in the trial court's ruling, and we must presume that it was correct. See *Georgia Hospitality &c. Assn. v. Harrison Advertising*, 181 Ga. App. 163 (351 SE2d 489) (1986).

5. We have carefully examined the entire record, and we find no merit in appellant's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 22, 1988.

M. C. Carpenter, *pro se.*
R. Scott Cunningham, for appellee.