### 77759. OVERGROUND ATLANTA, INC. v. DUNN.
(381 SE2d 137)

POPE, Judge.

Charles Adrian Dunn, individually and by next friend, his mother, Geraldine Dunn, brought suit against Overground Atlanta, Inc. d/b/a The Jolly Fox (Overground) and against Rodney Goodman,

Overground's employee, to recover damages arising from an incident at the Jolly Fox nightclub in which Charles Dunn was beaten and arrested. The jury awarded compensatory and punitive damages in favor of Dunn and against Overground but not Goodman, and Overground brings this appeal from the trial court's denial of its motion for a new trial.

The record reveals that Charles Dunn (hereinafter appellee) and a friend, Keith Wigley, were patrons at The Jolly Fox on the night of November 2, 1982 and had been drinking heavily. Ricky Langford, an officer of Overground, was present at the club that evening. Although the evidence was in conflict about the exact nature of the events that transpired, the jury was authorized to believe that appellee and Wigley stepped outside for a brief time and that upon their return, the club's manager, Goodman, set upon appellee and Wigley, striking appellee on the head with a flashlight and knocking him to the floor and then dragging appellee and Wigley from the club into the parking lot and holding them spread-eagled over a car, pounding appellee's head on the car hood, until the police arrived. Based on Goodman's complaint regarding the earlier conduct of appellee and Wigley, including a statement that they had been observed attempting to break into cars in the parking lot, the police arrested both appellee and Wigley and charged them with being disorderly while intoxicated. Noting appellee's condition, the police took him to Grady Hospital, where he lapsed into a coma. Although appellee recovered, he suffered permanent residual brain damage. Trial of the charges against appellee in municipal court resulted in his acquittal.

Suit was filed originally against The Jolly Fox, Rodney Goodman, and John and Richard Doe, alleging assault and battery. A later amendment substituted Overground Atlanta, Inc., for The Jolly Fox after interrogatory answers revealed it to be the true owner of the club, and substituted several officers and shareholders for the Does. In addition, the amendment added claims for negligent hiring, negligent supervision, and malicious prosecution. The trial court granted the motion of the individual officers and shareholders for a directed verdict, and the remainder of the claims went to the jury, which was given a special verdict form, instructing it to select either joint liability (finding either for appellee and against both defendants or against appellee and in favor of both defendants) or separate liability (finding for or against Goodman or for or against appellant), and to indicate, if it found "against either or both defendants, . . . whether it was based on negligence, false imprisonment, or malicious prosecution or all three." The jury completed the form by marking an "X" on the blank indicating it found "in favor of [appellee] and against [appellant] Overground Atlanta, Inc., in the amount of $250,000 as compensatory damages and in the amount of . . . $750,000 as punitive damages"

and indicated it had based its decision on "negligence, false imprisonment, and malicious prosecution." Judgment was entered on the verdict, and appellant's motion for a new trial, made on the general grounds and on the ground that the verdict was excessive, was denied.

1. Appellant contends the trial court erred by denying its motion for a new trial because the verdict assessing liability against it but not against its employee (Goodman) is inconsistent and, therefore, illegal. We disagree.

Contrary to appellant's assertion in support of this contention, the record shows that the jury did not find in favor of defendant Goodman. The jury was given two choices as to Goodman under the "Separate Liability" heading on the verdict form: "[1] _____ WE, the jury, find in favor of defendant. [2] _____ WE, the jury, find in favor of the plaintiff and against defendant Rodney Goodman in the amount of $ _____ as compensatory damages and in the amount of (if you find appropriate) $ _____ as punitive damages." *Neither of these boxes* was checked. Consequently, although the jury did not award damages to plaintiff against defendant Goodman, it also did not find *for* defendant Goodman, as it was authorized to do on the verdict form.

Moreover, assuming arguendo that appellant is correct in contending that the jury's verdict should be construed as a finding for Goodman, it does not follow that the verdict was inconsistent and therefore void and illegal. Although appellant contends that its liability was totally derivative of that of its employee, the record shows that, in addition to instructing the jury on the doctrine of respondeat superior, the trial court also charged the jury as follows:

"I charge you that the owner of a tavern open for entertainment to the public is bound to exercise ordinary care and diligence to see that one who enters as a customer is protected from the assaults and violence of those in his employ.

"In the present case the defendant owner's duty was to exercise ordinary care and diligence to protect the plaintiff while he was at the defendant's place of business lawfully engaged, from injury, injury either from the unsafe condition of the premises themselves, from the owner's own conduct, or from the conduct of their employees, or injury from any vicious or improper persons who were in the room either as customers or otherwise.

"[A] customer such as the plaintiff has the right to assume that the place is reasonably safe and that the owners were exercising reasonable care and diligence to protect him while he is peaceable and lawfully engaged therein from the insults and injuries of employees of the company. . . . I charge you that an employer is bound to exercise ordinary care in the selection of employees.

"Accordingly . . . the obligation of a proprietor to protect his pa-

trons from injury or mistreatment includes the duty to select and retain only such employees as are fit and suitable to look after the safety and comfort of his guests and who will not commit acts of violence against them insofar as is reasonably within his power to do so."

These principles were charged without objection. Consequently, the jury was authorized to impose liability against appellant on theories of direct as well as vicarious liability. Where a master is negligent independently of his servants, the master may be held liable even though the servant is not found to be liable. *Moffett v. McCurry*, 84 Ga. App. 853 (10, 11) (67 SE2d 807) (1951). Sufficient evidence was presented from which a jury could find against the appellant on a theory of direct liability. Consequently, we find no merit to appellant's contention that it could be liable only if its employee was also liable.

Furthermore the jury was also given the following charges on the principles of joint and several liability:

"[T]he proximate cause of the injury may be two separate and distinct acts of negligence of different persons. Where two concurrent acts of negligence operate together in bringing about an injury, the person injured *may recover compensation for the entire loss from either or both of the persons responsible.*

"If you find a party negligent in at least one respect, and that his negligence joined together with the negligence of a third person, proximately caused the injury, then it is not necessary for you to determine whether the negligent party or third party was more at fault, *as the injured party would be entitled to recover against either for his full damages.*"

The jury was specifically instructed that it could award compensation for the loss "from either or both of the persons responsible," thus authorizing it to impose damages against one defendant only, even if it found both were negligent. In sum, under the instructions it received in the case at bar, which were given without objection, the jury was authorized to impose liability and assess damages against the appellant, regardless of whether it also imposed liability and assessed damages against appellant's employee.

" 'The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge. (Cits.) . . . The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. (Cit.) Even if the verdict is ambiguous . . . and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied. (Cit.)' *Haughton v. Judsen*, 116 Ga. App. 308, 310 (157 SE2d 297) [(1967)]." *West Ga. &c. Co. v. Stephens*, 128 Ga. App. 864, 870 (198 SE2d 420) (1973). Applying these principles to the case at bar, we conclude that the verdict was not

inconsistent and the judgment entered on the verdict was neither void nor illegal. Moreover, inasmuch as the verdict here is not inconsistent, it is unnecessary for us to consider the applicability, and propriety, of this court's decision in *Brannan Auto Parts v. Raymark Indus.*, 183 Ga. App. 82 (1) (357 SE2d 807) (1987), which the dissent urges was incorrectly decided and must be overruled.

2. We have examined appellant's remaining enumerations and find them to be without merit.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Benham and Beasley, JJ., concur. Deen, P. J., concurs and concurs specially. Carley, C. J., Birdsong and Sognier, JJ., dissent.*

DEEN, Presiding Judge, concurring specially.

I concur in the majority opinion and agree that *Brannan Auto Parts v. Raymark Indus.*, 183 Ga. App. 82 (357 SE2d 807) (1987), need not be overruled.

In *Brannan* the potential for an inconsistent verdict was evident on the face of the proposed jury verdict form, which was given to counsel prior to trial. Such is not the case in *Overground.* Further, defense counsel expressed in *Brannan* some generalized dissatisfaction with the form; his objection, however (if indeed it could be deemed to have risen to the level of that term), lacked specificity and addressed not the individual versus corporate situation, but rather the sheer *number* of defendants. Moreover, the trial court offered defense counsel two opportunities to revise the proposed verdict form, but the latter took advantage of neither. Clearly, counsel's conduct amounted to waiver, and this court was therefore powerless to address an enumeration which was not raised below. In *Overground*, by contrast, no such situation existed.

Furthermore, under the facts of *Brannan*, there was little, if any, evidence specifically implicating any of the individual defendants, and yet there was ample evidence to support a finding that the alleged conversion had actually occurred. The jurors apparently found the weight of the evidence of the latter fact sufficient to cause them to lay the blame on some individual or some entity; but conversely, the jurors apparently found the evidence against each of the individual defendants to be lacking in weight. It is axiomatic, of course, that this court cannot assess the weight of the evidence.

It is true that, on its face, a finding for the individual defendants and against the corporate defendant is illogical. As noted, supra, however, it was not the actual lack of logic or consistency to which counsel addressed his generalized remarks at trial, but rather to the fact that the jury was given *several* options as to verdicts *against several* defendants and only *one* option "*For* the defendants." This is quite different from, and essentially unrelated to, the issue actually enu-

merated as error in *Brannan*, and an enumerated error cannot be expanded — or twisted — into something else.

The issue in *Overground* is not the same as that in *Brannan*, and the overruling of *Brannan* would in these circumstances amount to an exercise in irrelevancy.

SOGNIER, Judge, dissenting.

I must respectfully dissent, as I cannot agree with the majority's conclusion that the verdict rendered by the jury was not inconsistent. It is well established that " 'in cases where the right to recover is dependent solely upon the doctrine of *respondeat superior*, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, as was true in the case in hand, there should be no judgment against the master.' " *Southern R. Co. v. Harbin*, 135 Ga. 122, 124-125 (68 SE 1103) (1910). "Unless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the employer. [Cits.]" *Townsend v. Brantley*, 163 Ga. App. 899, 900 (1) (296 SE2d 186) (1982). The testimony in the instant case was in sharp conflict as to the events which actually occurred on the night appellee was injured, and thus the jury would have been authorized to find either in Goodman's favor or against him, on the claims of appellee. Contrary to appellee's argument and the conclusion of the majority, it is sheer sophistry to say that the jury did not find *in favor of* Goodman. It is evident that the jury followed neither alternative presented by the verdict form, as it found neither expressly *for* Goodman nor expressly *against* him by awarding damages against him. However, we are forced to construe the verdict as being either in favor of, or against, Goodman, simply because no other alternative exists. Thus, in my view, as the jury found no damages against Goodman, the verdict is most logically construed as a verdict in his favor.

Moreover, each of the bases on which the jury could have found, and did find, against appellant is dependent upon Goodman's actions, because Goodman is the one alleged to have struck appellee, called the police, and acted as complaining witness against appellee in the prosecution. Thus, if Goodman is not liable for these actions, then it follows that the basis for appellant's liability is missing. The majority concludes there were other bases on which the jury could have found appellant liable independently of Goodman, citing the special liability of a tavern owner to take reasonable care for the safety of its patrons, as well as the theories of negligent hiring and negligent supervision. However, each of these theories of "independent" liability is, in actuality, dependent on the negligent conduct of someone other than the tavern owner—who was not even present when appellee was injured.

The owner's liability is thus premised on his duty to have foreseen, prevented or stopped the primarily negligent conduct. In the case sub judice, the primarily negligent conduct was alleged to have been that of Goodman, and appellant cannot be said to be negligent absent a finding of some negligent conduct on Goodman's part. It is therefore apparent that " '[i]n this case the liability of the (appellant) derives from the acts of [Goodman or not at all]. The jury found in favor of [Goodman], the (individual) through whom (appellant) acted. The verdict holding the (appellant) liable is inconsistent. . . .' [Cits.]" *Duke Trucking Co. v. Giles*, 185 Ga. App. 833, 836 (2) (366 SE2d 216) (1988).

I do not agree with appellee that appellant is precluded from raising this enumeration in this court because it was not raised in appellant's motion for new trial. "On appeal, a party shall not be limited to the grounds urged in the motion or any amendment thereof." OCGA § 5-5-40 (g). Nor do I agree with appellee that appellant waived its right to enumerate as error the inconsistent verdict because no objection was made to the form of the verdict. Although it is true that appellant did not raise an objection below to the form of the verdict, no objection was raised because at all times below all parties apparently believed and agreed that appellee had alleged independent grounds for appellant's liability. If there were independent grounds for liability, it would have been possible and proper for the jury to find appellant liable even while exonerating Goodman. Thus, because of the parties' *assumption* that there were independent grounds for liability, unlike the situation in *Brannan Auto Parts v. Raymark Indus.*, 183 Ga. App. 82 (1) (357 SE2d 807) (1987), relied on by appellee, "[t]he potential for an inconsistent verdict . . . was [not] evident on the face of the form of the jury verdict," at the time it was viewed by counsel. Id. at 83.

In my view, verdicts such as those in *Brannan*, supra, and in the case at bar, being inconsistent, are contradictory and repugnant and consequently are utterly void, and no valid judgment can be entered on them. *Thompson v. Ingram*, 226 Ga. 668, 671 (2) (177 SE2d 61) (1970); *Fleming v. Collins*, 190 Ga. 210, 214 (9 SE2d 157) (1940). See also *Eco-Rez, Inc. v. Citizens Bank of Swainsboro*, 141 Ga. App. 90, 91 (3) (232 SE2d 587) (1977). In *Brannan*, supra, this court cited *Frostgate Warehouse v. Cole*, 244 Ga. 782, 783 (262 SE2d 98) (1979) as authority for the holding that appellant had waived its right to challenge the inconsistency of the verdict where the potential for inconsistency was evident on the face of the verdict form. *Brannan*, supra at 83-84. In *Frostgate* the Supreme Court reversed this court's determination that in a declaratory judgment action, an oral instruction to the jury as to the questions they must resolve did not satisfy the declaratory judgment statute's requirement that interrogatories

be submitted to the jury, on the basis that no timely written request for special verdict was made, and "in the absence of a *specific* and *timely* objection, a party waives error relating to the manner in which questions are submitted to the jury. [Cits.]" Id. at 783. *Frostgate* is simply an example of the application of those pervasive principles that error raised for the first time on appeal will not be considered, see, e.g., *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345, 346 (370 SE2d 201) (1988); *Carpenter v. Parsons*, 186 Ga. App. 3, 5 (3) (366 SE2d 367) (1988), and that one cannot complain of error that one's own conduct or procedure aided in causing. See, e.g., *Swicegood v. Heardmont Nursing Home*, 183 Ga. App. 319, 320 (359 SE2d 3) (1987). However, in *Frostgate*, supra, the error complained of, which the Supreme Court held had been waived, was not one which resulted in an illegal verdict or a consequently void judgment, as was the case in *Brannan* and here. Judgment entered on an illegal verdict is void, *Thompson*, supra, and thus may be corrected by this court. Although *Brannan*, supra, may be distinguished on its facts, our holding there affirmed a verdict which by its terms is repugnant and void. That holding should therefore be expressly overruled.

Viewing the repugnancy of the verdict rendered in the case sub judice another way, my review of the conflicting evidence adduced at trial regarding the events on the evening on which appellee was injured leads me to the conclusion that although the jury *could* properly have found from the conflicting evidence in favor of appellee against Goodman, it could also properly have found, as it did, in Goodman's favor. Thus the verdict in favor of Goodman is not legally objectionable and should be upheld. OCGA § 9-12-4. However, given that the verdict in favor of Goodman is proper, the evidence is legally insufficient to support a verdict against appellant. That being so, the judgment against appellant should not be allowed to stand.

OCGA § 9-12-8 provides that "[i]f a part of a verdict is legal and a part illegal, the court will construe the verdict and order it amended by entering a remittitur as to that part which is illegal and giving judgment for the balance." "[I] conclude that since the verdict exonerating [Goodman as] the servant was a legal verdict and that part of the verdict awarding damages against [appellant as] the master was illegal and void under the doctrine of respondeat superior, it is unnecessary to require that a new trial be granted on the issue of liability of either defendant." *Roswell Road-Perimeter &c. Store v. Schurke*, 138 Ga. App. 502, 504 (227 SE2d 282) (1976). Therefore, I would reverse the judgment against appellant and remand this case to the trial court with direction that judgment be entered in favor of appellant.

I am authorized to state that Judge Birdsong joins in this dissent.

DECIDED MARCH 17, 1989 —
REHEARING DENIED MARCH 31, 1989 —

*Philip M. Casto*, for appellant.
*Nickerson & Tuszynski, David E. Tuszynski, Brookins & Cook,
Ernest D. Brookins*, for appellee.