## 67306. HOWELL et al. v. ANSLEY.

SOGNIER, Judge.

Shawn Howell, by next friends Billy and Renee Howell, sued Jack Ansley to recover for injuries resulting from an automobile collision. Billy Howell, individually as Shawn's father, sued Ansley for medical expenses incurred on Shawn's behalf. The jury returned a three-part verdict, finding: (1) in favor of Ansley and against Shawn on the issue of compensatory damages; (2) for Shawn and against Ansley on the issue of punitive damages; and (3) for Billy Howell, against Ansley, on the issue of compensation for medical damages. The Howells moved for a new trial on the issue of damages alone, or, alternatively, a new trial on all issues. The trial court denied the motion and the Howells appeal.

1. Appellants contend that the trial court erred by denying their motion for a new trial because the jury verdicts were inconsistent and illegal. We agree and reverse. In *Jarrett v. Parker,* 135 Ga. App. 195 (217 SE2d 337) (1975), a jury awarded medical expenses of the wife to a husband while finding for the defendant as to the wife's claim for personal injuries. Although the husband's and wife's suits could have been tried separately with different verdicts, the court held that where the same jury heard evidence in both cases, such that the mode and manner of testimony was identical, and yet arrived at unreconcilable verdicts, then the trial court was correct in granting a new trial on the basis of the inconsistency.

We find *Jarrett* closely analogous to the situation here. Although Billy Howell was not required to bring suit together with Shawn, yet when both suits were presented to the same jury with the same evidence, the jury's finding against Shawn as to compensatory damages for pain and suffering was inconsistent with the jury's finding for Billy Howell as to damages for medical expenses. The decision against Shawn was, in effect, a judgment that appellee did not cause Shawn's injury and without such injury, Shawn could not have incurred the medical expenses for which appellant Billy Howell sued and recovered. (But see *Jarrett,* supra, p. 199, footnote 1, which we also find inapplicable here.) "In other words, the same jury's verdict against [Shawn] necessarily precluded those claims for damages sought by [Billy] which are derivative from [Shawn]'s claim." *Jarrett,* supra, at 199. See also *Jordan v. Ellis,* 148 Ga. App. 286, 288-289 (250 SE2d 859) (1978). The inconsistency in the jury's verdict thus required the granting of a new trial.

2. Exemplary damages cannot be awarded in the absence of any finding of compensatory damages, *Daiss v. Woodbury,* 163 Ga. App. 88 (293 SE2d 876) (1982). Therefore, the verdict was inconsistent and illegal as to the award of punitive damages to Shawn.

Hence, the trial court erred by denying appellants' motion for new trial on all issues.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1984.

*Andrew M. Scherffius III, Irwin M. Ellerin, Edward Still,* for appellants.

*Billy Wade Crecelius, Jr.,* for appellee.