### 74261. BRANNAN AUTO PARTS et al. v. RAYMARK INDUSTRIES.
(357 SE2d 807)

DEEN, Presiding Judge.

Appellee Raymark Industries brought an action for conversion of automobile parts against appellant Brannan Auto Parts, Inc., and appellants James Brannan, president of the corporation, and Johnny Glass, a corporation official. A Gwinnett County jury found for the individual defendants but against the corporate defendant, assessing actual damages of $50,000, punitive damages of $25,000, and litigation expenses of $15,000. Brannan Auto Parts, Inc., moved for a new trial on the general grounds and, upon denial of the motion, filed an appeal with this court. The following are enumerated as error: (1) the verdict and judgment are contradictory, inconsistent, and contrary to law in finding the individual defendants not liable while imposing liability on the corporate defendant; and (2) the court erred in denying defendants' motions for directed verdict because the plaintiff allegedly failed to prove either the amount of goods converted or the value of the converted items. *Held*:

1. Appellant first contends that the verdict and judgment are in-

consistent and unlawful in finding for the individual defendants and against the corporate defendant. Scrutiny of the trial transcript and the record reveals that, following closing arguments, the trial court, outside the jury's presence, displayed to both counsel the special verdict form which he proposed to give the jury. The form offered the jurors five choices for each kind of damages (actual, punitive, and expenses of litigation) sought by the plaintiff, viz:

"Regarding ACTUAL damages, we, the jury, find:

1. For the Plaintiff against all Defendants $_____.

2. For the Plaintiff against Brannan Auto Parts, Inc. $_____.

3. For the Plaintiff against James F. Brannan, Jr. $_____.

4. For the Plaintiff against Johnny A. Glass $_____.

5. For the Defendants."

Identical choices were offered for punitive damages and litigation expenses.

Upon displaying the proposed verdict form, the trial court invited comment from counsel, in reply to which defense counsel remarked, "I think it's loaded up against the defendants, your honor." The court pointed out that it was necessary to provide the jury with options with respect to the separate defendants but invited suggestions for an alternative form, to which offer defense counsel responded with a rather general comment. The court then suggested to defense counsel that he draft a verdict form more to his liking during the noon recess. Upon reconvening after the lunch break, the court asked defense counsel, "Do you have any suggestion on the verdict?" The latter replied, "No, sir," and the court continued: "I really don't know how we can improve on it. . . . If you've got any suggestion, I will be glad to see it." Counsel made no further comment regarding the verdict form other than an oblique reference to it at the end of the jury charge, after the jury had retired.

On the basis of our review of the transcript and the rest of the record, we find that the error, if any, was not preserved for appellate review. The potential for an inconsistent verdict, if any, was evident on the face of the form of the jury verdict. Therefore, appellant waived its right to raise inconsistency as error by failing to make a proper objection to the form of the verdict. Counsel voiced his objection to the form of the verdict in only the most general terms ("it's loaded up against the defendants"), without the required degree of specificity. Moreover, when the court afforded him an opportunity to submit an alternative form, he did not do so. Therefore, any objection to the form of the verdict, and the potential inconsistency of the verdict, if any, is deemed to have been waived, and we find the trial court properly denied appellant's motion for new trial as to this ground. " '[I]n the absence of a *specific* and *timely* objection, a party

waives error relating to the manner in which questions are submitted to the jury.'" *Frostgate Warehouses v. Cole*, 244 Ga. 782, 783 (262 SE2d 98) (1979). See OCGA § 9-12-1 et seq.; *Dansby v. State*, 165 Ga. App. 41, 42, 43 (299 SE2d 579) (1983). This enumeration is without merit.

2. Examination of the transcript and record reveals that, although there were some inconsistencies in the evidence offered regarding the quantity of goods converted, as well as their value, sufficient competent evidence was adduced to permit the jury to calculate the amount of damages within a range of reasonable certainty. *Ingram v. Summerlin*, 179 Ga. App. 832 (348 SE2d 68) (1986). Denial of the motion for directed verdict was therefore proper. OCGA § 9-11-50. This enumeration, too, has no merit.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 7, 1987 —
REHEARING DENIED MAY 27, 1987 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*G. Hughel Harrison, Samuel H. Harrison*, for appellants.
*L. Thomas Cain, Jr.*, for appellee.