S09G1912. ANTHONY et al. v. GATOR COCHRAN CONSTRUCTION, INC.

(702 SE2d 139)

HINES, Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Anthony v. Gator Cochran Constr., Inc.*, 299 Ga. App. 126 (682 SE2d 140) (2009), to address whether that Court properly applied the law regarding an allegedly inconsistent verdict in a civil case. Determining that it did not, we vacate the judgment of the Court of Appeals and remand the case to that Court for further proceedings.

Gator Cochran Construction, Inc. ("Cochran"), filed suit to recover for unpaid invoices in the amount of $685,135.86 against Ray G. Anthony and a number of businesses it contended he controlled, Anthony Family Limited Partnership, Aqua Toy Store, Inc., Anthony Trucking, L.P., Anthony Aviation Center, Inc., Houston Equipment Company, Century Steel Erectors Company, and Anthony Holdings International, LLC (collectively "Anthony Entities"). Using a special verdict form, the jury returned a verdict for Cochran in the amount of $606,747.96, and the Anthony Entities appealed. Further facts may be found in the opinion of the Court of Appeals. *Anthony*, supra.

In the second division of its opinion,[1] the Court of Appeals addressed the argument that the jury's verdict was inconsistent and therefore void. In a civil case, " '[a] verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside.' [Cit.]" *Thompson v. Ingram*, 226 Ga. 668, 671 (2) (177 SE2d 61) (1970). Nonetheless, the Court of Appeals has crafted a rule of appellate procedure that when a special verdict form is used, and the potential for an inconsistent verdict is evident from the face of the form submitted to the jury, a party must object to that verdict form or waive review of any inconsistency resulting from the form. That rule first appears in *Brannan Auto Parts v. Raymark Industries*, 183 Ga. App. 82 (357 SE2d 807) (1987). As authority, *Brannan* cites *Frostgate Warehouses, Inc. v. Cole*, 244 Ga. 782, 783 (262 SE2d 98) (1979). However, *Frostgate* does not provide such authority; no question of an inconsistent or void verdict was presented therein. *Frostgate* addressed only the statutory procedures for submitting interrogatories to the jury in a declaratory judgment action currently found in OCGA §§ 9-4-6 and 9-11-49, and it merely ruled upon a party's preservation of error in that context; its statement that "in the

---

[1] Division 1 of the Court of Appeals' opinion is not within the scope of this Court's grant of the writ of certiorari.

absence of a *specific* and *timely* objection, a party waives error relating to the manner in which questions are submitted to the jury," id. at 783, is not to be given the more general reading that *Brannan* adopted. *Brannan*'s misreading of *Frostgate* has been recognized in the Court of Appeals since *Brannan* was issued, see *Overground Atlanta v. Dunn*, 191 Ga. App. 188, 194-195 (381 SE2d 137) (1989) (Sognier, J., dissenting), and in at least one case in which there was a failure to object to a verdict form as it was submitted to the jury, and a failure to object to the verdict as returned by the jury, the Court of Appeals has continued to recognize that a verdict that is contradictory is void, and the consequent judgment must thus be set aside. See *Lynas v. Williams*, 216 Ga. App. 434, 438 (3) (b) (454 SE2d 570) (1995).

Despite this history regarding *Brannan*'s precedential value, the Court of Appeals relied upon it in this case, determined that the potential for an inconsistent verdict was evident on the face of the verdict form, and that as the Anthony Entities had made no objection to the verdict form submitted to the jury, any ability to raise error based on the verdict was waived. But, if the verdict truly was "contradictory and repugnant," it was void and no valid judgment could be entered on it, regardless of how the verdict arose. *Thompson*, supra. See also *Anthony v. Anthony*, 103 Ga. 250 (29 SE 923) (1898). *Brannan* and its progeny are hereby overruled, and it cannot provide a basis for the Court of Appeals' decision.

The Court of Appeals also relied on *Ford Motor Co. v. Tippins*, 225 Ga. App. 128, 133 (5) (b) (483 SE2d 121) (1997), for the principle that, upon return of the verdict, the failure of the Anthony Entities to raise any objection to the verdict waived any challenge to that verdict. Again, if the verdict was contradictory, it was void and no valid judgment could be entered upon it; "[a] judgment entered on such a verdict will be set aside." *Thompson*, supra at 671 (punctuation omitted). To the extent that *Ford Motor Co.* stands for the proposition that a party's failure to object to a void verdict before the jury is dismissed will result in a valid judgment being entered on that verdict, it, and similar cases, are hereby overruled.

Of course, not merely any irregularity will render a verdict void. Indeed,

> under OCGA § 9-12-4, "[v]erdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity." Thus, "[t]he presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them." [Cits.] "Even if the verdict is ambiguous and susceptible of two constructions, one of which would uphold

it and one of which would defeat it, that which would uphold it is to be applied." [Cits.] Furthermore, in determining the proper interpretation of a jury verdict and to remove any ambiguity, the trial court may question the jury prior to disbursal in order to clarify the jury's intent. [Cits.]

*Surles v. Cornell Corrections &c.*, 290 Ga. App. 260, 265 (1) (659 SE2d 683) (2008). But, determining whether the verdict rendered here is, in fact, void is beyond the scope of this Court's grant of certiorari. Neither the Court of Appeals nor the trial court has ruled whether the jury verdict is inconsistent, both having merely decided that the issue was waived. Accordingly, the judgment of the Court of Appeals must be vacated and the case remanded to that Court for proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams*, for appellant.

*Jay M. Sawilowsky*, for appellee.

