**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN, P. J. AND REESE, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 30,2020**

# In the Court of Appeals of Georgia

A18A0233. EVANS et al. v. ROCKDALE HOSPITAL, LLC.

BARNES, Presiding Judge.

Shawn G. Evans, individually and as the guardian of his wife, Janice K. Evans, appealed from the trial court's order denying their motion for additur or, alternatively, for a new trial on damages against Rockdale Hospital, LLC d/b/a Rockdale Medical Center ("Rockdale"). This Court reversed, concluding that the trial court erred in failing to grant a new trial under OCGA § 51-12-12 because the jury's award of zero damages for Mrs. Evans's past pain and suffering was so clearly inadequate under a preponderance of the evidence as to shock the conscience. *Evans v. Rockdale Hosp.*, 345 Ga. App. 511, 511-512 (813 SE2d 601) (2018) (physical precedent only) ("*Evans I*"). The Supreme Court of Georgia granted certiorari and determined that this Court applied the wrong standard in reviewing the trial court's decision regarding the

adequacy of the verdict under OCGA § 51-12-12, vacated the judgment of this Court, and remanded the case with direction that we apply the proper standard of review. *Rockdale Hosp. v. Evans*, 306 Ga. 847 (834 SE2d 77) (2019) ("*Evans II*"). The Supreme Court also explained that whether the verdict was void as inconsistent was a different question from whether the verdict was inadequate under OCGA § 51-12-12, but the Court did not reach the inconsistency issue because it had not been fully briefed by the parties and certiorari had not been granted on that question. See id. at 853 (3), n. 5.

Now that the case is back before us on remand, we vacate our original opinion, and applying the abuse-of-discretion standard of review set forth in *Evans II*, we affirm the trial court's order to the extent that it denied the plaintiffs' challenge to the adequacy of the damages award under OCGA § 51-12-12. As to the separate question of whether the verdict should be set aside as void because it was inconsistent, we vacate the trial court's order to the extent that it denied the plaintiffs' challenge to the consistency of the damages award and remand the case to the trial court to determine that question in the first instance under the proper framework discussed in *Evans II*.

1. The plaintiffs contend that the trial court erred in rejecting their claim under OCGA § 51-12-12 that the damages award was so clearly inadequate as to be inconsistent with the preponderance of the evidence. We disagree.

The record reflects that the plaintiffs sued Rockdale for medical malpractice and loss of consortium based on the alleged failure to properly assess and treat Mrs. Evans's brain aneurysm.[1] As explained in *Evans II*:[2]

> During the trial [on the plaintiffs' claims against Rockdale], the parties disputed whether Mrs. Evans suffered from a ruptured brain aneurysm when she presented at the emergency room . . . , whether a diagnosis of a ruptured aneurysm on that date would have led to a better outcome, and whether the Rockdale emergency room nurses violated the standard of care. Rockdale also argued that Mrs. Evans's fault exceeded that of Rockdale because, among other things, she had not obtained treatment for her longstanding, uncontrolled hypertension despite being aware of that condition.
>
> As to damages, the plaintiffs presented medical billing records reflecting that Mrs. Evans's total past medical expenses were

---

[1] The plaintiffs also sued an emergency room physician and the physician's employer, but those defendants received verdicts in their favor and are not involved in this appeal.

[2] The underlying facts, construed in favor of the jury's verdict, are set out in detail in *Evans II*, 306 Ga. at 847-849 (1). We do not repeat those facts here.

3

$1,196,288.97, as well as testimony regarding the procedures and rehabilitation that she had to undergo after the ruptured aneurysm up to the point of trial. The plaintiffs also presented evidence of future medical expenses, past and future lost wages, and of Mrs. Evans's current impaired condition requiring 24-hour care. Mr. Evans and a certified nurse's aide testified to the care that had to be provided to Mrs. Evans, and the jury was shown a day-in-the-life video reflecting the care provided by Mr. Evans and the nurse's aide.

Rockdale did not contest that Mrs. Evans was catastrophically injured and did not address the issue of damages during closing argument. During the cross-examination of the plaintiffs' damages experts who opined on Mrs. Evans's lost wages and future medical expenses, Rockdale did challenge the experts' credibility and the extent of the damages sought for future medical expenses.

Following its deliberation, the jury returned its verdict on a special verdict form. In Section 1 of the verdict form, the jury awarded Mrs. Evans the amount she had requested in damages for past medical expenses ($1,196,288.97), but awarded her zero damages for future medical expenses, zero damages for past and future lost wages, and zero damages for past and future pain and suffering. The jury awarded Mr. Evans $67,555 in damages for loss of consortium. In Section 2 of the verdict form, the jury apportioned fault among the parties, finding that Rockdale was 51 percent at fault and that Mrs. Evans was 49 percent at fault. The trial court reduced the amount of damages awarded by the jury in proportion to the percentages of fault and entered judgment in favor

4

of the plaintiffs and against Rockdale in the amount of $586,191.60 for past medical expenses and $33,101.95 for loss of consortium.

The plaintiffs filed a motion for additur or for a new trial on the ground that the jury's award of damages against Rockdale was so clearly inadequate as to be inconsistent with the preponderance of the evidence. The plaintiffs contended that any new trial ordered by the trial court should be limited to the issue of damages. Rockdale opposed the motion, contending that the jury's damages award should not be disturbed and that any retrial could not be limited to the issue of damages because the case involved comparative negligence. Following a hearing, the trial court denied the plaintiffs' motion for additur or a new trial on damages[.]

(Citation, punctuation, and footnote omitted.) *Evans II*, 306 Ga. at 849-850 (1).

The plaintiffs appealed, and we reversed the trial court's decision and ordered a retrial of the entire case. *Evans I*, 345 Ga. App. at 511-512. We concluded that "the jury's award of zero damages for Mrs. Evans's past pain and suffering was so clearly inadequate under a preponderance of the evidence as to shock the conscience and necessitate a new trial under OCGA § 51-12-12 (b)."[3] *Evans I*, 345 Ga. App. at 521

___

[3] OCGA § 51-12-12 provides in part:
(a) The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent

(1). We further concluded that "[b]ecause Mrs. Evans's medical malpractice claim against Rockdale must be retried on all issues of liability and damages, Mr. Evans's derivative claim for loss of consortium also must be retried." Id. at 521 (2).

The Supreme Court of Georgia granted certiorari and determined that we applied the wrong standard in reviewing the trial court's decision under OCGA § 51-12-12 because this Court was not authorized to determine whether the damages that were awarded were so inadequate as to be inconsistent with the preponderance of the evidence. *Evans II*, 306 Ga. at 851-853 (2) (b). As explained by the Supreme Court, OCGA § 51-12-12 sets out a standard for a trial court to apply when reviewing jury damages awards and thus authorizes only that court to determine whether the damages awarded were clearly so inadequate or excessive as to be inconsistent with a preponderance of the evidence. *Evans II*, 306 Ga. at 850-851 (2) (a). In contrast, appellate courts are limited to determining whether the trial court abused its discretion in deciding a claim under OCGA § 51-12-12. *Evans II*, 306 Ga. at 851-853

with the preponderance of the evidence in the case.
(b) If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

6

(2) (b). The Supreme Court pointed to three instances where an appellate court can determine that the trial court abused its discretion in reviewing a verdict under OCGA § 51-12-12: (1) where the trial court failed to exercise its discretion in reviewing the award; (2) where the trial court's exercise of its discretion "was infected by a significant legal error or a clear error as to a material factual finding"; or (3) where the verdict was "so excessive or inadequate as to be irrational and thus the apparent result of jury bias, prejudice, or corruption." *Evans II*, 306 Ga. at 851-852 (2) (b). The Supreme Court disapproved several cases that it viewed as inconsistent with its articulation of the proper standard of review, id. at 853 (2) (b) & n. 4, and it vacated the judgment of this Court and remanded for this Court to apply the proper standard as outlined in its opinion. Id. at 847.

Guided by the standard of review articulated in *Evans II*, we conclude that the trial court acted within its discretion in denying the plaintiffs' motion under OCGA § 51-12-12. First, it is clear from the trial court's order that the court exercised its discretion in reviewing the verdict, and the plaintiffs do not argue otherwise. Second, the trial court's exercise of its discretion was not "infected by a significant legal error or a clear error as to a material factual finding." *Evans II*, 306 Ga. at 851 (2) (b). The plaintiffs do not point to any errors of material fact made by the trial court, and thus

7

the sole issue is whether the court's discretion was "exercised in conformity with the governing legal principles." *Ford Motor Co. v. Conley*, 294 Ga. 530, 538 (2) (757 SE2d 20) (2014), cited in *Evans II*, 306 Ga. at 852 (2) (b). In its order, the trial court noted that it was being asked to determine whether the damages award was "clearly so inadequate as to be inconsistent with the preponderance of the evidence" and that this was a determination within its discretion. The trial court further pointed to the general principle of Georgia law that an award for pain and suffering is a matter for the enlightened conscience of the jury. See, e.g., *Arnsdorff v. Fortner*, 276 Ga. App. 1, 5 (1) (a) (622 SE2d 395) (2005). Because the trial court's order was not infected by significant legal error, the second potential basis for finding an abuse of discretion outlined in *Evans II* is inapplicable.

Third and finally, we cannot say that the jury verdict was so "inadequate as to be irrational and thus the apparent result of jury bias, prejudice, or corruption." *Evans II*, 306 Ga. at 852 (2) (b). In reaching this conclusion, we are mindful that the Supreme Court in *Evans II* emphasized that the threshold for an appellate court to set aside a jury verdict approved by a trial court under OCGA § 51-12-12 is "extremely high" and that the trial court's approval of a verdict "creates a presumption of correctness which is not to be disturbed absent compelling evidence." (Citation and

8

punctuation omitted.) *Evans II*, 306 Ga. at 852 (2) (b). Accordingly, we conclude that the third potential basis for finding an abuse of discretion outlined in *Evans II* does not apply here.

For these reasons, we discern no abuse of discretion by the trial court in its decision under OCGA § 51-12-12 and therefore affirm the court's order to the extent that it denied the plaintiffs' challenge to the adequacy of the damages award under that statute.

3. In *Evans II*, the Supreme Court pointed out that the plaintiffs also "have expended considerable effort in the lower courts and in this Court asserting that the verdict rendered in this case is inconsistent because it does not comply with the general rule that a damages award for medical expenses necessarily requires damages for pain and suffering." *Evans II*, 306 Ga. at 853 (3), n. 5, citing *Bibb County v. Ham*, 110 Ga. 340 (35 SE 656) (1900), and *Clark v. Wright*, 137 Ga. App. 720, 722 (1) (224 SE2d 825) (1976). The Supreme Court explained that whether a verdict is *inconsistent* is a separate question from whether a verdict is *inadequate* under OCGA § 51-12-12 and that a "contradictory verdict is entirely void and requires a new trial, not additur or a retrial on damages alone." *Evans II*, 306 Ga. at 853 (3), n. 5, citing *Anthony v. Gator Cochran Constr.*, 288 Ga. 79, 79 (702 SE2d 139) (2010), and

9

*Howell v. Ansley*, 169 Ga. App. 935, 936 (1) (315 SE2d 476) (1984). However, the Supreme Court noted that because it had not granted certiorari on the question of whether the verdict in this case was inconsistent and void and "the parties did not raise *Anthony* or brief the issue raised therein," id., the Court would "not reach the issue of whether the verdict was actually inconsistent (rather than merely inadequate) and is therefore void under *Anthony*[, 288 Ga. at 79]." *Evans II*, 306 Ga. at 853 (3).

On remand to this Court from the Supreme Court, the parties dispute whether the verdict was void as inconsistent in light of the jury's award of damages to Mrs. Evans for past medical expenses but zero damages for past pain and suffering, and thus whether the verdict must be set aside under *Anthony*, 288 Ga. at 79. While the plaintiffs raised the issue of the verdict's inconsistency in their motion filed in the trial court, the Supreme Court clarified in *Evans II* that the inconsistency issue should be addressed under the framework set out in *Anthony*, 288 Ga. at 79, and the issue was not addressed or resolved in the trial court under that framework. Accordingly, we vacate the trial court order to the extent that it denied the plaintiffs' challenge that the verdict was inconsistent and remand for the trial court to consider in the first instance whether the verdict was void as the result of an inconsistent verdict in light of the framework enunciated in *Evans II*, 306 Ga. at 853 (3), n. 5, and *Anthony*, 288

10

Ga. at 79. See *Anthony v. Gator Cochran Constr.*, 307 Ga. App. 387, 387 (705 SE2d 295) (2010) (on remand from Supreme Court in *Anthony*, 288 Ga. 79, Court of Appeals remanded case to trial court to determine in first instance whether verdict was void on the ground of inconsistency).

*Judgment affirmed in part and vacated in part, and case remanded with direction. McMillian, P. J., and Reese, J., concur.*