**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 3, 2023**

# In the Court of Appeals of Georgia

A23A0225. CRUZ v. PATEL.

BROWN, Judge.

The plaintiff in this negligence action appeals from the trial court's order denying his motion for new trial. For the reasons below, we affirm.

Eduardo Martinez Cruz ("Plaintiff") filed this negligence action against Jiten Girish Patel ("Defendant") after they were in an automobile collision. During a jury trial, the parties presented conflicting evidence as to who was at fault in the collision. After the close of the evidence the trial court instructed the jury on the law of apportionment of damages as follows:

> If you believe that the plaintiff is entitled to recover and further find that the plaintiff is, to some degree, responsible for the injury or damages claimed, you should not make any reduction because of negligence, if any, of the plaintiff. The [c]ourt will enter a judgment based on your

verdict and if you find that the plaintiff was negligent in any degree, the [c]ourt, in entering the judgment, will reduce the total amount of damages by the percentage of negligence which you attribute to the plaintiff. If you find that the negligence of the plaintiff is equal to or greater than the negligence of the defendant, then the plaintiff is not entitled to recover damages.[1]

The jury's verdict stated: "As to the allegations of negligence against Defendant[]: We . . . find in favor of Plaintiff." The verdict then purported to award Plaintiff $44,842.47 in past medical expenses and $6,000 in non-economic damages. However, the verdict also assigned 65 percent fault to Plaintiff and 35 percent fault to Defendant. Specifically, the verdict form stated "[i]f you find any of the individuals listed below was negligent and thereby caused or contributed to Plaintiff's injury and damages, then it is necessary for you to determine the percentage of fault for each. If you find no fault, then you should place a '0' by that name." The jury wrote in "65" for Plaintiff's percentage of fault and "35" for Defendant's percentage of fault.

The trial court entered judgment in favor of Defendant on the basis that the jury found that Plaintiff's fault exceeded 50 percent. Plaintiff filed a motion for new trial,

---

[1] These instructions largely mirror the pattern instructions on the apportionment of damages. Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2022) § 66.810.

arguing that the verdict was void because the jury's finding of fault was contradictory with its finding in his favor as to his allegations of negligence and its award of damages to him.[2] The trial court denied the motion, finding that the verdict was not inconsistent and noting that it had instructed the jury not to make any reduction in damages because of any negligence of Plaintiff. On appeal, Plaintiff reiterates his argument that the verdict was void and contradictory, asserting that it ignored Georgia's rule on comparative negligence by finding for him and awarding him damages while also finding that he was 65 percent at fault. We disagree.

"In a civil case, a verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside." (Citation and punctuation omitted.) *Anthony v. Gator Cochran Constr.*, 288 Ga. 79 (702 SE2d 139) (2010). However, "not merely any irregularity will render a verdict void." Id. at 80. Indeed, OCGA § 9-12-4 provides that "[v]erdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity." "Thus, the presumptions are in favor of the

---

[2] While Plaintiff had not previously raised this argument, a party does not waive an objection to a verdict that is void by failing to object to the verdict form or the verdict as rendered before the jury is released. *Benchmark Builders v. Schultz*, 289 Ga. 329, 330 (1) (711 SE2d 639) (2011).

validity of verdicts, and if possible a construction will be given which will uphold them. Even if the verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied." (Citation and punctuation omitted.) *Anthony*, 288 Ga. at 80-81. "All that is essential to a valid verdict is substantial certainty to a common and reasonable intent." (Citation and punctuation omitted.) *Patterson v. Loggins*, 142 Ga. App. 868, 879 (3) (237 SE2d 469) (1977). "The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge." (Citation and punctuation omitted.) *Harrison v. Martin*, 213 Ga. App. 337, 344 (1) (444 SE2d 618) (1994). "The burden is upon the party attacking a verdict to show its invalidity." (Citation and punctuation omitted.) *Zurich American Ins. Co. of Illinois v. Bruce*, 193 Ga. App. 804 (1) (388 SE2d 923) (1989).

The verdict here was not void. The verdict found that Defendant was negligent, Plaintiff was entitled to damages, Plaintiff was 65 percent at fault, and Defendant was 35 percent at fault. When considering the entire record and the presumption in favor of the validity of verdicts, it is apparent that these findings were not contradictory.

Under Georgia's comparative negligence rule, "the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for

4

the injury or damages claimed." OCGA § 51-12-33 (g); see also *Zaldivar v. Prickett*, 297 Ga. 589, 593-594 (1) (774 SE2d 688) (2015). However, the jury charge demonstrates that the verdict's purported award of damages to Plaintiff did not contradict the verdict's finding that Plaintiff was 65 percent at fault. Specifically, the trial court instructed the jury that (1) if the jury found that Plaintiff was entitled to recover but was "to some degree, responsible for the injury or damages claimed, [the jury] should not make any reduction," and (2) if the jury found that Plaintiff was "negligent in any degree," the trial court would reduce the damages by the percentage of negligence which the jury attributed to Plaintiff. Given these instructions, it is apparent that the jury understood the trial court's subsequent statement, that Plaintiff would not be entitled to damages if the jury found that his negligence was at least equal to Defendant's negligence, to mean that the trial court would be responsible for any reduction in damages based on Plaintiff's fault, even if that fault was at least 50 percent and he was not entitled to damages.[3] Thus, the verdict's purported award of damages was reconcilable with its allocation of fault. Cf. *Bunch v. Mathieson Drive*

---

[3] Indeed, "[i]n cases of comparative negligence, OCGA § 51-12-33 (a) requires the jury to determine the percentage of fault borne by the plaintiff and report that percentage to the judge, but the statute assigns the task of reducing the damages award accordingly to the judge." *Clark v. Rush*, 312 Ga. App. 333 (718 SE2d 555) (2011).

*Apts.*, 220 Ga. App. 855, 858 (1) (470 SE2d 895) (1996) (verdict was contradictory and irreconcilable, because its explicit award for 100 percent of funeral expenses indicated a finding that the decedent was not negligent, while its zero damages award on a wrongful death claim indicated that it found the decedent to be equally or more negligent than the defendant).

The verdict's findings that Defendant was negligent and that Plaintiff was 65 percent at fault were not contradictory. Again, the charge indicated that the jury could find that Plaintiff was entitled to recover against Defendant while also finding that Plaintiff was negligent. Indeed, the Supreme Court of Georgia has explained that

> [c]omparative negligence of the plaintiff, on the one hand, and the causal relationship between the wrongdoing of the defendant and the injury sustained by the plaintiff, on the other, are distinct questions. Comparative negligence is a defense that diminishes or bars the liability of the defendant notwithstanding that her conduct was a proximate cause of the injury to the plaintiff; the defense does not necessarily eliminate the causal connection.

*Zaldivar*, 297 Ga. at 601 (2). Thus, the jury's verdict was not void on the basis of being contradictory. Instead, the trial court was simply presented with a verdict with a permissible allocation of fault but an unauthorized award of damages given such

6

allocation. The trial court did not err in entering judgment in Defendant's favor based on such a verdict.

"[A] verdict which is erroneous may be corrected by the writing off of the illegal part if the illegal part can be determined and is separable from the rest." (Citation and punctuation omitted.) *Fletcher v. C.W. Matthews Contracting Co.*, 322 Ga. App. 751, 757 (2) (a) (i) (746 SE2d 230) (2013); see also OCGA § 9-12-8 ("If a part of a verdict is legal and a part illegal, the court will construe the verdict and order it amended by entering a remittitur as to that part which is illegal and giving judgment for the balance."). By entering judgment in Defendant's favor, the trial court essentially struck the portion of the verdict purporting to award Plaintiff damages and accepted the portion finding Plaintiff 65 percent at fault. Because this allocation of fault was not contradictory with the rest of the verdict, the trial court's action was proper. See *Chapman v. Clark*, 272 Ga. App. 667, 668 (613 SE2d 184) (2005) ("[T]he trial court's action directing the jury to delete the award of punitive damages had the same effect as a remittitur entered on the verdict pursuant to OCGA § 9-12-8 to amend the verdict by subtracting the illegal part. By taking this action, the trial court was able to enter a valid final judgment on the verdict and avoided the necessity of a new trial."); *Meadows v. Douglas County Fed. S & L Assn.*, 169 Ga. App. 150, 150-

7

151 (1) (312 SE2d 169) (1983) (trial court did not abuse its discretion in denying plaintiff's motion for new trial, because it correctly struck the illegal portion of the verdict purporting to award the plaintiff no actual damages but over $10,000 in punitive damages and attorney fees).

*Judgment affirmed. McFadden, P. J., and Markle, J., concur.*